## Richmond

COMMUNITY MOTOR BUS COMPANY, INC.

v.

JOHN WINDLEY, JR.

January 21, 1983.

Record No. 800861.

Present: All the Justices.

*Robert G. Winters (Joseph M. Young; White, Reynolds, Smith & Winters*, on briefs), for appellant.

*S. Earl Griffin (Griffin, Pappas & Scarborough*, on brief), for appellee.

STEPHENSON, J., delivered the opinion of the Court.

John Windley, Jr., sued the Community Motor Bus Company, Inc., alleging he was injured as a result of the company's negligence. A jury verdict in favor of Windley was approved by the trial court, and the Company appeals. The dispositive question is whether the evidence is sufficient as a matter of law to prove gross negligence.

Since Windley prevailed in the court below, we will state the evidence in the light most favorable to him. On March 3, 1974, Windley, a part-time security guard, boarded the defendant's bus. He displayed his badge to the driver who, mistaking him for a police officer, permitted Windley to ride without charge. The company had a policy of allowing city police officers to ride its buses without paying a fare.

After Windley was seated, the bus proceeded along Portsmouth Boulevard at a speed of approximately 30 miles per hour. The speed limit was 35 miles per hour. Suddenly, the driver saw a bottle shatter on the street in front of him. As a result, he slowed the bus momentarily. A rock then crashed through a window, splattering glass on Windley. Windley, the driver, and other passengers initially thought the rock was a bullet.

When the window was broken, Windley stood up in the aisle, held the rail, and braced himself. The bus seemed to accelerate, and after it had proceeded 250 to 300 feet, it stopped suddenly near a telephone booth, throwing Windley to the floor. (The driver intended to use the telephone to call the police.) Not more than ten seconds elapsed from the time the window was broken until the bus came to a stop. Several other passengers testified that when the bus stopped they were thrown forward slightly, but none was injured.

■ The trial court, relying on the "Guest Statute," Code § 8-646.1,* ruled Windley had the burden of proving the driver was guilty of gross negligence. Adopting the definition of gross negligence approved in *Ferguson* v. *Ferguson,* 212 Va. 86, 92, 181 S.E.2d 648, 653 (1971), the trial court instructed the jury that:

> gross negligence is that degree of negligence which shows indifference to others as constitutes an utter disregard of prudence amounting to a complete neglect of the safety of the guest. It must be such a degree of negligence as would shock fair minded persons although something less than willful recklessness.

Proof of gross negligence depends upon the facts and circumstances of the particular case. If fair minded men can differ respecting the conclusion to be drawn from the evidence, a jury question is presented. On the other hand, if the evidence is such that fair minded men cannot differ, the question whether gross negligence has been established is one of law. *Alspaugh* v. *Diggs,* 195 Va. 1, 5, 77 S.E.2d 362, 364 (1953).

Gross negligence, of course, requires proof of something more than the lack of ordinary care. *Reel* v. *Spencer,* 187 Va. 530, 535, 47 S.E.2d 359, 361 (1948).

> A mere failure to skillfully operate an automobile under all conditions, or to be alert and observant, and to act intelligently and operate an automobile at a low rate of speed may, or may not, be a failure to do what an ordinarily prudent person would have done under the circumstances, and thus

---

* Code § 8-646.1 provided that:

No person transported by the owner or operator of any motor vehicle as a guest without payment for such transportation . . . shall be entitled to recover damages against such owner or operator for death or injuries to the person or property of such guest resulting from the operation of such motor vehicle, unless such death or injury was caused or resulted from the gross negligence or willful and wanton disregard of the safety of the person or property of the person being so transported on the part of such owner or operator.

In April, 1974, the General Assembly amended Code § 8-646.1 to provide that a guest could recover from an owner or operator upon proving simple negligence. Acts 1974, c. 551. This section has been recodified as Code § 8.01-63.

Windley objected at trial to the requirement that he prove gross negligence. However, since he did not assign cross-error, the trial court's ruling has become the law of the case. Rule 5:27.

amount to lack of ordinary care; but such lack of attention and diligence, or mere inadvertence, does not amount to wanton or reckless conduct, or constitute culpable negligence for which defendant would be responsible to an invited guest.

*Young* v. *Dyer*, 161 Va. 434, 440-41, 170 S.E. 737, 739 (1933).

Applying these principles in *Carr* v. *Patram*, 193 Va. 604, 70 S.E.2d 308 (1952), we held a driver was not grossly negligent in losing control of her car when a tire went flat. This was so even though the driver admitted she may have put her foot on the accelerator rather than the brake. *Id.* at 611, 70 S.E.2d at 313. Similarly, in *Lloyd* v. *Green*, 194 Va. 948, 76 S.E.2d 190 (1953), a driver lost control of her car after she was recklessly passed by another vehicle. We held that, while the driver may have become unnerved by the emergency and failed to act promptly and intelligently, this conduct did not amount to gross negligence. *Id.* at 954, 76 S.E.2d at 194.

In the instant case, Windley does not claim the driver was negligent in any respect before the missiles were thrown at the bus, nor does he argue the driver violated a statutory duty. He contends, however, that the sudden, abrupt stopping of the bus while the driver knew he was standing in the aisle warranted the jury's finding that the driver was guilty of gross negligence.

Viewing the evidence and all reasonable inferences in the light most favorable to Windley, we conclude the driver's actions were not so negligent as to "shock fair minded persons." The events leading to Windley's injury, including the stopping of the bus at the telephone booth, were precipitated by the dangerous and senseless acts of unknown persons. It is apparent that, confronted with a sudden attack upon his bus, the driver acted reasonably under the circumstances. While he may not have taken the wisest course, he was clearly not grossly negligent.

Accordingly, we will reverse the judgment of the trial court and enter final judgment for the appellant.

*Reversed and final judgment.*