## CIRCUIT COURT OF THE CITY OF RICHMOND

Nathan Frank Small

     v.

Deputy Rudi Jackson et al.

January 29, 1985

Case No. LH 1573

By JUDGE MELVIN R. HUGHES, JR.

On December 3, 1984, defendants' Demurrer and defendant Andrew J. Winston's Special Plea of Sovereign Immunity were brought on for a hearing and was argued by counsel.

In his Motion for Judgment, plaintiff alleges that defendant Deputy Sheriff Jackson "negligently struck" him causing injury to his ear. As to defendant Andrew J. Winston, Sheriff of the City of Richmond, plaintiff alleges liability vicariously for the alleged negligent and intentional acts of defendant Jackson. Plaintiff also alleges defendant Winston negligently employed Jackson "knowing that Deputy Jackson was incapable of performing his duties without altercations between him and inmates under his care and custody."

While not specifically alleging a cause of action under the Virginia Tort Claims Act (the Act), Section 8.01-195.1, et seq., Code of Virginia of 1950, as amended, plaintiff argues that the Act abolishes sovereign immunity except for six instances enumerated in § 8.01-195.4 none of which, he contends, are applicable here.

Defendant, citing *Messina* v. *Burden*, 228 Va. 301 (1984), argues that the doctrine is still viable in Virginia despite enactment of the Act. In *Messina*, the Supreme Court noted a 1982 amendment to the Act provided in Code Section 8.01-195.3 which says:

[N]or shall any provision of this article . . . be so construed as to remove or in any way diminish the sovereign immunity of any county, city or town in the Commonwealth.

In *Messina*, the Court, in deciding two separate appeals together, applied the doctrine to the Chief of Public Works for Arlington County and applied the doctrine to the Superintendent of Buildings of a state community college. Plaintiff argues that *Messina* is distinguishable on the ground that the causes of action in the two cases arose prior to the enactment of the Act. However, for the reasons stated in *Messina* and except for the Act's waiver of immunity as therein provided, the doctrine still seems available in some circumstances.

The area of sovereign immunity is complex depending on what entity or what person seeks its protection. It is clear that a state employee may be held liable for an intentional tort. *Elder* v. *Holland*, 208 Va. 15 (1967). In a line of cases, the Supreme Court has held that immunity attaches to an arm of the Commonwealth, *Kellam* v. *School Board*, 202 Va. 252 (1960), *Crabbe* v. *School Board and Albrite*, 209 Va. 356 (1968), but does not attach to individuals who, while performing duties as an employee, were negligent, *Crabbe* v. *School Board and Albrite*, 209 Va. 356, 359. The doctrine of respondeat superior has been ruled inapplicable to public officers who act through subordinates in the performance of official duties, *City of Richmond* v. *Long's Adm'rs.*, 17 Gratt. (58 Va.) 375 (1867); *Sawyer* v. *Corse*, 17 Gratt. (58 Va.) 230 (1867). The act itself, in § 8.01-195.3, despite lifting the cloak of protection, maintains sovereign immunity by providing:

Notwithstanding any provision hereof, the individual immunity of judges, the Attorney General, Commonwealth Attorneys, and other public officials, their agents and employees from tort claims for damages is hereby preserved to the extent and degree that such persons presently are immunized.

In *James* v. *Jane*, 221 Va. 43 (1980), the Supreme Court in analyzing the problem spoke thusly:

It is proper that a distinction be made between the state, whose immunity is absolute unless waived, and the employees and officials of the state, whose immunity is qualified, depending on the function they perform and the manner of performance. Certain state officials and state employees must of necessity enjoy immunity on the performance of their duties. These officials are inclusive of, but not limited to, the Governor, state officials, and judges. They are required by the Constitution and by general law to exercise broad discretionary powers, often involving both the determination and implementation of state policy. *James* v. *Jane, supra,* p. 53.

Further, in *James,* the Court in citing *Sayers* v. *Bullar,* 180 Va. 222 (1942), stated the parameters which should govern the issue of sovereign immunity as it applies here by noting:

The Court found that the acts of the defendants were the acts of the state and that there were no facts alleged that the employees had stepped beyond the course of their employment, had exceeded their authority or directions given them, were guilty of any wrongful conduct or acted wantonly or negligently, or were acting individually or on their own responsibility. *James* v. *Jane, supra,* p. 43, 51.

The Court has also held that the cloak of sovereign immunity does not extend over misfeasance of a ministerial duty. *Hoggard* v. *Richmond,* 172 Va. 145 (1939), *First Va. Bank-Colonial* v. *Baker,* 225 Va. 72, 78 (1983).

Turning to the case at hand, the position of Sheriff must be analyzed. As a so-called "constitutional officer," the office of Sheriff is designated in Article VII, § 4, Constitution of Virginia (1971). The duties of the Sheriff are set by statute and are discharged in the locality where he is elected. These duties include, according to their respective statutory bases, keeping records of prisoners in the jail, reporting to the Department of Corrections the number of prisoners received in the jail, and purchasing food, clothing and medicine for

jail prisoners, Sections 53.1-116, 53.1-121, 53.1-126, Code of Virginia of 1950, as amended. The Sheriff is not an employee of lesser rank but a state official who is locally elected to discharge duties imposed by state statutes. The Sheriff should enjoy sovereign immunity depending on the function performed and the manner of its performance. *James* v. *Jane, supra,* p. 53. *Wynn* v. *Gandy,* 170 Va. 590 (1938).

The Court in *Wynn* described the distinction of the nature of duty in this area as follows:

> It seems to be well settled that public officers are liable for injury which is the result of their negligence in the performance of duties which do not involve judgment or discretion in their performance but which are purely ministerial. *Wynn* v. *Gandy, supra,* at 595.

Plaintiff has alleged negligence in hiring Defendant Jackson. Certainly hiring or employing deputies for jail operations is a discretionary function. This involves exercising freedom to decide or to choose who to accept and who to reject among applicants. While I believe that the Sheriff is not a state public official in the strict sense of the term, in light of the statutes and case law in the background, he is immune except in cases involving intentional or willful wanton conduct, or gross negligence, or acts beyond the scope of his employment. Of course, nothing of the sort is alleged here.

Accordingly, it is my view that so far as the allegations raise liability on a theory of respondeat superior, defendant Winston's Special Plea is sustained. On the allegations of direct negligence, it is likewise sustained, all for the reasons heretofore stated.

Defendants have also filed a Demurrer on grounds relating to a criminal case. According to the Demurrer, defendant Jackson was charged with felonious assault based on the subject matter of this suit. Defendants seek to foreclose any claim of intentional conduct by plaintiff in this proceeding on the ground that the criminal warrant against Jackson was dismissed by the General District . Court on September 27, 1982. It is difficult to rule on this in the absence of any indication of the

basis on which the General District Court took its action. *Luke Construction Company* v. *Simpkins*, 223 Va. 387. Accordingly, the Demurrer is overruled.