MARK PATRICK MEAGHER

V.

JAMES P. JOHNSON

Record No. 890102

March 2, 1990

Present: All the Justices

*Beverly P. Sisk (Barrett E. Pope; Mezzullo, McCandlish & Framme*, on briefs), for appellant.
*William B. Kilduff* for appellee.

JUSTICE LACY delivered the opinion of the Court.

James P. Johnson sued Mark Patrick Meagher alleging that he was injured as a result of Meagher's negligence. The jury returned a verdict for Johnson, and Meagher appeals. Although Meagher assigns error to the trial court's action in granting certain instructions, in refusing to rule as a matter of law that Johnson was contributorily negligent, and in entering judgment on an excessive verdict, the dispositive issue on appeal is whether the evidence was sufficient as a matter of law to prove gross negligence.

Because Johnson prevailed in the trial court, we will state the evidence in the light most favorable to him. In the early morning hours of September 28, 1985, at the intersection of Jennie Scher Road and Government Road, in the City of Richmond, Richmond police officer R.B. Wade placed Johnson and two female companions under arrest for disorderly conduct.* However, before Wade was able to take the three into physical custody, Johnson "took off running." Wade gave chase but lost Johnson in the Woodcroft Village apartment complex.

Meagher and Eugene Provost, Richmond police officers on duty at the time, joined Wade in the search for Johnson after they

---

* Johnson stipulated at trial that Officer Wade had probable cause to place him under arrest for disorderly conduct.

heard Wade's radio transmission requesting help in locating a male arrestee who had fled on foot. After a fruitless search of the area, all three officers responded to an unrelated domestic disturbance. As Wade and Meagher were leaving the scene of the disturbance, Provost, who had left earlier, radioed that he had spotted Johnson between the 1300 and 1400 blocks of the Woodcroft Village Apartments.

Meagher joined the pursuit in his police cruiser, and, as he drove west toward the 1400 block, he received another radio transmission from Provost who stated that the subject was now heading east toward the 1300 block. Meagher turned his cruiser around and, as he was traveling east on the main thoroughfare of the apartment complex, he engaged his siren and emergency lights. After a split-second burst, the siren failed. Nevertheless, Meagher sped to the parking lot at building 1366 where Provost was continuing the chase on foot and yelling for Johnson to stop.

Johnson was peering around the corner of building 1366 when Meagher approached the parking lot. As Meagher turned into the lot, he saw Johnson dart out from a grassy knoll next to the building. Meagher slammed on his brakes and slid straight into the parking lot, leaving over 80 feet of skid marks. Meagher's cruiser collided with Johnson, who was running across the parking lot. Johnson was knocked onto the hood of the vehicle and then fell to the pavement.

As a result of the accident, Johnson suffered serious injuries to his head, jaw, shoulder, and knee. The accident also aggravated a pre-existing psychiatric condition. Although Johnson still required shoulder surgery at the time of the trial, he had otherwise fully recovered from his injuries.

At trial, the court ruled that Meagher was performing a discretionary function for a municipal corporation when the accident occurred and that he could only be held liable for acts of gross negligence. After being instructed, the jury returned a verdict for Johnson in the amount of $350,000.

On appeal, Meagher argues that the trial court erred in refusing to grant his motion to strike Johnson's evidence as insufficient as a matter of law to prove gross negligence. Conversely, Johnson argues that he presented sufficient evidence of gross negligence to create a jury issue, and because the jury returned its verdict in his favor it cannot be disturbed.

██ Gross negligence is defined as "that degree of negligence which shows indifference to others as constitutes an utter disregard of prudence amounting to a complete neglect of the safety of [another]. It must be such a degree of negligence as would shock fair minded [people] although something less than willful recklessness." *Ferguson* v. *Ferguson*, 212 Va. 86, 92, 181 S.E.2d 648, 653 (1971) (emphasis omitted).

> Proof of gross negligence depends upon the facts and circumstances of the particular case. If fair minded [people] can differ respecting the conclusion to be drawn from the evidence, a jury question is presented. On the other hand, if the evidence is such that fair minded [people] cannot differ, the question whether gross negligence has been established is one of law.

*Community Bus Co.* v. *Windley*, 224 Va. 687, 689, 299 S.E.2d 367, 369 (1983) (citation omitted).

██ Meagher was under a duty to operate his vehicle in a manner which was reasonable under the existing circumstances and conditions. *See Smith* v. *Lamar*, 212 Va. 820, 188 S.E.2d 72 (1972). And, the trial court properly ruled that any failure of Meagher to operate the vehicle in a reasonable manner would be actionable only if it amounted to gross negligence. However, we conclude that, under the facts and circumstances of this case, Meagher clearly was not guilty of gross negligence, and on that issue fair minded people could not differ.

When the accident occurred, Meagher was acting in the discharge of his official duties as a Richmond police officer. It was 3:00 a.m. and he and two fellow officers were chasing Johnson, who had fled from a valid arrest, into a large apartment complex. Meagher was in hot pursuit while following directions radioed to him by another officer. Just prior to the accident, Meagher engaged both his siren and emergency lights because he viewed the situation as an emergency. When he saw Johnson dart out into the parking lot he slammed on his brakes. He left more than 80 feet of skid marks in a straight line from the entrance of the parking lot to the point of impact. The speed limit in the apartment complex was 25 miles per hour. Richmond Police Department policy states that, unless the speed limit is more than 25 miles per hour, 45 miles per hour is the maximum recommended speed in an

emergency. Based on the skid marks, Steven Bruce Chewning, an accident reconstruction expert, testified that Meagher was traveling between 36 and 40 miles per hour when he entered the parking lot, well within the limit prescribed by police department policy.

Under the circumstances of this case, Meagher's acts "do not rise to that degree of egregious conduct which can be classified as a heedless, palpable violation of rights showing an utter disregard of prudence." *Frazier* v. *City of Norfolk*, 234 Va. 388, 393, 362 S.E.2d 688, 691 (1987). We hold, as a matter of law, that Meagher's acts did not constitute gross negligence, and, therefore, the trial court erred in denying Meagher's motion to strike.

For the reasons stated, we will reverse the judgment of the trial court and enter final judgment for the defendant.

*Reversed and final judgment.*