## CIRCUIT COURT OF THE CITY OF RICHMOND

Pauline H. Robinson,
Administrator of the
Estate of Todd C. Robinson,
deceased

v.

Eric L. Picha et al.

November 7, 1991

Case No. LT 345-2

By JUDGE ROBERT L. HARRIS, SR.

This matter comes before the court on defendant's Demurrer. For the reasons set forth below, the Demurrer is denied.

The facts as set forth in the Motion for Judgment state that plaintiff's decedent, Todd C. Robinson, was killed when a 1988 Chevrolet Suburban operated by Eric L. Picha collided with the 1982 Buick operated by Robinson. The traffic fatality occurred at or near the intersection of Jefferson Davis Highway and Hull Street in the City of Richmond.

At the time of the collision, Picha was fleeing a police officer, operating his vehicle in excess of 115 miles per hour. The police officer's pursuit of Picha's vehicle began on State Route 10 in Chesterfield County and ended in the City of Richmond when Picha's vehicle struck Robinson's vehicle. During this pursuit, two additional police units joined in the chase. Lights and sirens were used by the officers during the chase.

Defendant Police Officers have filed a demurrer to plaintiff's count of gross negligence. The officers claim that they owed no duty to plaintiff's decedent, the officer's actions were not the proximate cause of the accident,

and as a matter of law, the police officers were not grossly negligent.

The Supreme Court of Virginia has in two recent cases provided some guidance regarding the civil liability of police officers for damages occurring during the pursuit of a lawbreaker. The first case, *Meagher v. Johnson*, 239 Va. 380, 389 S.E.2d 310 (1990), involved an officer in a vehicle pursuing a suspect who had fled on foot. The suspect darted out from behind a grassy knoll and ran in the path of the police cruiser. The police officer applied his brakes but struck the suspect. The court stated: "Meagher [the officer] was under a duty to operate his vehicle in a manner which was reasonable under the existing circumstances and conditions. And, the trial court properly ruled that any failure of Meagher to operate the vehicle in a reasonable manner would be actionable only if it amounted to gross negligence." *Id.* at 383, citations omitted.

*Colby v. Boyden*, 241 Va. 125, 400 S.E.2d 184 (1991), involved a collision between a police officer's vehicle and a bystander's automobile. The officer was involved in the chase of a suspect and proceeded into an intersection against a red light. The bystander's vehicle proceeded into the intersection and was struck by the officer's vehicle. After determining that the defense of sovereign immunity applied to the officer's actions, the court determined that the plaintiff must make a showing of gross negligence to prevail.

The court in *Colby v. Boyden*, *Id.*, relying on Section 46.2-920, enunciated the standard of care applicable to the driver of an emergency vehicle. "While one responding to an emergency situation is not excused from civil tort liability, Code § 46.1-226[1] affords the protection of a standard tailored to the situation. One will not be held negligent *per se* for the specific acts authorized under the statute." *Id.* at 132. Virginia Code § 46.2-920(A)(1) provides that a driver of an emergency vehicle may "[d]isregard speed limits, while having due regard for safety of persons and property."

---

[1] Code Section 46.1-226 was amended and recodified as part of Section 46.1-920. Acts 1989, c. 727.

Plaintiff's Motion for Judgment alleges that defendants were grossly negligent. This allegation comports with the standards of care set forth in *Meagher v. Johnson, supra,* and *Colby v. Boyden, supra.*

The next issue for consideration is proximate cause. Neither *Meagher* nor *Colby* provide guidance on this issue, as both cases involved accidents where the police officer struck and injured the plaintiff. In the case at hand, plaintiff was injured by Picha, the fleeing suspect.

If the case at hand were to go to trial, the jury would receive the following instruction on proximate cause:

### Definition of Proximate Cause

A proximate cause of an accident, injury, or damage is a cause which in natural and continuous sequence produces the accident, injury, or damage. It is a cause without which the accident, injury, or damage would not have occurred.

Virginia Model Jury Instructions, Civil, Volume I, Instruction No. 5.000 (1988 Replacement Edition).

Based on the facts stated in the Motion for Judgment, it is conceivable that a jury could find that the police officer's actions were a proximate cause of the accident between Picha and Robinson. If the officers pursued Picha without due regard for the safety of the public, in breach of the standard of care, their actions may have been a cause of Picha operating his automobile at speeds of 115 miles per hour and a proximate cause of the accident and damages.

Both parties have provided the court with numerous citations from cases in other jurisdictions involving the question of liability of the police officer for the injury of a bystander by a fleeing felon. None of the cases cited were decided on demurrer.

"Normally, questions of proximate cause are for the jury. However, where the facts are not in dispute and reasonable men could not differ as to the inferences to be drawn from the facts, the issue can be resolved as a matter of law." *Banks v. City of Richmond,* 232 Va. 130, 137, 348 S.E.2d 280 (1986), citing *See Hubbard v. Murray,* 173 Va. 448, 457, 3 S.E.2d 397, 402 (1939). In

the case at hand, the issue of proximate cause cannot be decided as a matter of law.

The cases cited by defendant in favor of the proposition that proximate cause does not exist come to that conclusion after review of the facts presented to the court. The court in *Armstrong v. Mudd*, 655 F. Supp. 853, 860 (C.D. Ill. 1987), cert. denied 488 U.S. 822, stated:

> Clearly, the direct and proximate cause of [plaintiff's decedent's] death was the utter disregard by [the law violator] of authority in running from the police and his lack of due care in reckless operation of his vehicle. "The officers would have been derelict in their duty had they not pursued the escapee in the reasonable manner in which they did pursue him."

*Armstrong v. Mudd, id.* (citation omitted). The court in *Armstrong* determined that the direct and proximate cause of the accident was the suspect's action only after deciding that the officers conducted their pursuit in a reasonable manner. Similarly, the determination of proximate cause cannot be made in the case at hand until the facts of the case are before the court.

Finally, defendants argue that *Meagher v. Johnson, supra,* and *Colby v. Boyden, supra,* provide authority for finding that defendants were not grossly negligent as a matter of law. Defendant argues that the officers in the case at hand used grater care to avoid the collision than the officers in *Meagher* and *Colby*. The facts are not fully before the court at this stage in the proceedings. It cannot be decided as a matter of law that officers pursuing a suspect at speeds reaching 115 miles per hour with lights flashing and sirens were not grossly negligent. The gravity of the suspect's offense should be considered when deciding whether these high speeds meet the standard of care.

The demurrer must be denied, as the matters presented require factual determination.