## CIRCUIT COURT OF FAIRFAX COUNTY

Gregory Sickles

v.

Carl R. Peed et al.

November 18, 1991

Case No. (Law) 99308

By JUDGE ROSEMARIE ANNUNZIATA

This case arose from an altercation between the plaintiff Gregory Sickles and three deputies of the Sheriff of Fairfax county, namely Deputy C. D. Wharton, Deputy Atkinson, and Deputy Gary Davis. The altercation allegedly occurred in the Fairfax County Judicial Center and the Fairfax County Adult Detention Center after the plaintiff's appearance in court. The plaintiff filed a Motion for Judgment seeking damages for injuries he sustained as a result of the altercation.

The Amended Motion for Judgment asserts five causes of action. Count I alleges Assault and Battery and seeks damages from the three deputies, M. Wayne Huggins, the Sheriff of Fairfax county at the time the altercation occurred, and Carl R. Peed, the acting Sheriff of Fairfax county who is completing the term of Sheriff Huggins. Count II, Count III, and Count IV allege False Imprisonment, Malicious Prosecution, and Abuse of Process, respectively, and seek damages from Deputy Wharton and Sheriffs Peed and Huggins.

Finally, Count V alleges negligence on the part of Sheriffs Peed and Huggins for "not properly disciplining the three defendant Deputy Sheriffs, carelessly and negligently hiring and retaining the three defendant Deputy Sheriffs on their staff, and failing to properly investigate this incident involving the plaintiff, allowing the Deputy Sheriffs to place criminal charges against inmates without

prior supervisory intervention, and failing to perform ongoing psychological testing of the Deputy Sheriff staff to discover individuals with violent propensities or other aberrational behavior problems." Count V further alleges that if Sheriffs Peed and Huggins had instituted and maintained proper procedures for oversight of the staff, they would have known of the violent and dangerous propensities of the three deputies and would have prevented the injuries committed against the plaintiff.

Defendants Peed and Huggins filed a plea of immunity to Count V of the Amended Motion for Judgment claiming that this Count alleges no more than negligence against these defendants, for which they enjoy sovereign/governmental immunity. The parties argued the plea of immunity before the Court and submitted memoranda in support of their respective positions on the issue. The defendants submitted their memorandum in Support of the Plea of Immunity on November 12, 1991.

The plaintiff argues in its Memorandum in Opposition to the Defendant's Plea of Immunity that the doctrine of sovereign immunity does not operate to bar the plaintiff's claim against the Sheriffs in Count V. The plaintiff acknowledges in its memorandum that Sheriffs are entitled to the qualified immunity referred to as "governmental immunity" which existed at common law and has been defined in *James v. Jane*, 221 Va. 43 (1980). In *James v. Jane* the Virginia Supreme Court established a four part test to determine whether certain governmental employees are entitled to immunity for their acts. *Messina v. Burden*, 228 Va. 301, 313 (1984). Among the factors to be considered are the following:

(1) the nature of the function performed by the employee;

(2) the extent of the state's interest and involvement in the function;

(3) the degree of control and direction exercised by the state over the employee; and

(4) whether the act complained of involved the use of judgment and discretion.

The plaintiff argues that the defendants are not entitled to immunity under the *James v. Jane* analysis for the acts complained of in Count V because the acts are clearly ministerial and statutorily mandated. The plaintiff

cites *First Virginia Bank-Colonial v. Baker*, 225 Va. 72 (1983), *Ferguson v. Rubic*, and *Heider v. Clemons*, 241 Va. 143 (1991) for support. In *First Virginia Bank-Colonial v. Baker*, the clerk of court was held not to be entitled to immunity for damages caused by the improper filing of land records. The negligence involved in the improper filing of land records was held to be ministerial and so the doctrine of sovereign immunity did not apply. In *Ferguson v. Rubic*, a case from the Circuit Court of Chesterfield county, the court held that it needed more evidence to determine whether the alleged negligence which resulted in a prisoner committing suicide involved actions which were ministerial or discretionary. In *Heider v. Clemons*, the Virginia Supreme Court applied the *James v. Jane* analysis to a case in which a deputy sheriff served process at a residence, returned to his automobile which was parked on the shoulder of the road, and, as he pulled out, collided with plaintiff's motorcycle. The court held that under the circumstances, the single operation of an automobile did not involve special risks arising from governmental activity or the exercise of judgment about the proper means of effectuating the governmental purpose of the driver's employer. Thus, the defendant was not entitled to sovereign immunity.

An analysis of Count V of the Amended Motion for Judgment in this case under the *James v. Jane* test clearly dictates a determination that the Sheriffs in this case are entitled to immunity. The function of the Sheriff of Fairfax County is to insure the security of the judges and to otherwise insure the orderly administration of justice. The County has a strong interest in this function and in the proper training, hiring, and discipline of deputies to carry out the functions of the Sheriff. The Sheriff exercises a strong degree of control over the deputies and the manner in which they handle prisoners. Here, the failure to properly hire, train, and discipline the deputies for the alleged conduct is clearly a matter of judgment and discretion. *Hoffman v. Warden*, 457 N.W.2d 367, 372 (Mich. App. 1990); *Travis v. Pinto*, 208 A.2d 828, 831 (N.J. Super. 1965); *State v. Farling*, 151 A.2d 137, 139-40 (Md. App. 1959). Therefore, the Sheriffs are entitled to immunity for the acts alleged in Count V.