## CIRCUIT COURT OF ESSEX COUNTY

Mable J. Campbell

v.

Duane Philip Compton

July 8, 1992

BY JUDGE JOSEPH E. SPRUILL, JR.

This case was heard by the Court without a jury on June 30, 1992, and taken under advisement.

The plaintiff was injured when an automobile in which she was a passenger was struck from the rear by a state police vehicle being operated by a trooper pursuing a speeding motorist. The trooper had been travelling south on U. S. Route 17 when a northbound vehicle came through his radar beam at 68 m.p.h. in a 55 m.p.h. zone. The trooper turned around and gave chase. He accelerated to speeds of between 70 and 80 miles per hour. He did not activate his siren or emergency lights. When he came upon the northbound vehicle in which plaintiff was riding, the trooper pulled to the left, across double yellow lines, to pass. He testified he was in the southbound lane only 2 or 3 seconds when he saw oncoming traffic, whereupon he pulled back to the right behind plaintiff's vehicle, which was travelling approximately 45 m.p.h. The front wheels of the police vehicle "locked." The trooper's vehicle struck the plaintiff's vehicle, and the plaintiff was injured.

The first issue has been previously addressed by the court. Relying on *Colby v. Boyden*, 241 Va. 125 (1991), the Court concluded that under the circumstances here, the trooper is entitled to sovereign immunity protection, notwithstanding his failure to activate his flashing lights and siren as directed by § 46.2–920 of the Code.

Therefore, in order for the plaintiff to recover, she must show that the trooper was guilty of gross negligence. The question is then whether the facts here, which are not in dispute, warrant a finding of gross negligence on the part of the defendant trooper.

Gross negligence is defined as "that degree of negligence which shows indifference to others or constitutes an utter disregard of prudence amounting to a complete neglect of the safety of another. It must be such a degree of negligence as would shock fair-minded people although something less than willful recklessness." *Ferguson v. Ferguson*, 212 Va. 86 (1971); *Meagher v. Johnson*, 239 Va. 380 (1990).

In urging a finding of gross negligence, plaintiff's counsel argues that the officer neglected to activate his flashing lights and siren, either of which might have alerted other motorists of impending danger; that he exceeded the speed limit by between 15 and 25 miles per hour; and that he crossed a double yellow line at a point when his visibility ahead was at least partially obstructed.

The defendant, on the other hand, contends that when the accident happened, he was acting in the discharge of his official duties as a member of the state police. He was in pursuit of a speeding motorist in a rural area in open country. He was travelling between 70 and 80 miles per hour in order to catch up to the speeder. He crossed the center line for a matter of 2 or 3 seconds and then returned to the northbound lane. But for his front wheels "locking," he says there would have been no accident.

The Court holds that under the facts and circumstances here, the officer was not guilty of gross negligence. We find that he did exercise some degree of diligence and due care, and therefore, as a matter of law, his acts would not show "utter disregard of prudence amounting to complete neglect of the safety of another." *See Colby*, at page 133. As did the officer in *Colby*, the officer here "swerved and braked in an attempt to avoid the collision." The actions of the officer here do not indicate "an absence of slight diligence or the want of even scant care."

Accordingly, the plaintiff has not sustained her burden of proving gross negligence, and the court finds in favor of the defendant.