## CIRCUIT COURT OF FAIRFAX COUNTY

Glenn J. Koppel

v.

Colin W. Morgan et al.

November 5, 1996

Case No. (Law) 152179

BY JUDGE STANLEY P. KLEIN

This case is before the Court on a Demurrer, Plea in Bar of Sovereign Immunity, and Motion to Dismiss filed by the Defendants Commonwealth of Virginia ("the State"), Virginia Department of Transportation ("VDOT"), the Virginia Board of Transportation ("the Board"), and David Gehre, Mort Salehi, Thomas Farley, Loren Epton, Nickolas Nickolson, John Doe, and Richard Doe, as individual members of the Board ("the Individuals"). Plaintiff's decedent was fatally injured when the car she was driving collided with another moving vehicle as it passed through an intersection. Count II of the Motion for Judgment names these defendants, alleging gross negligence for failure to design and maintain the intersection in a reasonably safe manner. Count III implicates these defendants for creating and maintaining a public nuisance. These defendants demurred, arguing that the Plaintiff has failed to state a claim against them upon which relief may be granted and entered a Plea in Bar, claiming sovereign immunity.

The Court must first determine the extent to which the doctrine of sovereign immunity protects individual employees of the State from liability in tort for gross negligence when the acts or omissions complained of occur within the scope of their employment. The resolution of this question requires analysis and application of the legal definition of gross negligence. Next, the Court must address the efficacy of the doctrine in shielding the State from liability

when the alleged tortious act or omission is attributed to a State agency exercising a "legislative" function. Analysis of this issue demands an understanding of which functions the General Assembly deems legislative, thereby exempting the State from liability under § 8.01-195.3(2) of the Virginia Tort Claims Act. Following oral argument, the Court took these matters under advisement. After due consideration of the pleadings and the written and oral arguments, (1) the Demurrer to Counts II and III is overruled as to the Individuals, (2) the Plea in Bar of Sovereign Immunity to Count II is sustained as to VDOT and the Board, (3) the Plea in Bar to Count II is overruled as to the State and the Individuals, (4) the Plea in Bar to Count III for nuisance is sustained as to VDOT and the Board, and (5) the Plea in Bar to Count III is overruled as to the State and the Individuals.

The doctrine of sovereign immunity is deeply ingrained in the law of Virginia. *See Messina v. Burden*, 228 Va. 301, 307 (1984). The doctrine reflects both the notion that "the king can do no wrong," and a general consensus in the common law that a king should not be subjected to suit in his own courts. Virginia law adheres to the traditional common law rule that, absent constitutional or statutory provisions, a state is immune from liability in tort resulting from the acts of its servants, agents, and employees. *See Baumgardner v. Southwestern Va. Mental Health Inst.*, 247 Va. 486, 489 (1994); *Erickson v. Anderson*, 195 Va. 655, 657 (1954). The Virginia Tort Claims Act ("the Act"), Virginia Code § 8.01-195.1 *et seq.*, enacted by the General Assembly in 1982, is a limited waiver of the doctrine's bar against suit. *See Commonwealth v. Coolidge*, 237 Va. 621, 623 (1989) (construing § 8.01-195.3 as a limited waiver of governmental immunity from tort). The Act represents a derogation of the common law; as such, its provisions must be strictly construed. *See Baumgardner*, 247 Va. at 489.

On the morning of February 23, 1993, Plaintiff's wife, Nancy Koppel, was driving her vehicle along Bobann Drive approaching the intersection of Bobann Drive and Stringfellow Road from the east. Upon arriving at the intersection, the decedent stopped her vehicle and then proceeded to turn left onto Stringfellow Road. As she was turning onto Stringfellow Road, her vehicle was struck broadside by a vehicle driven by Colin Morgan.[1] The intersection is situated approximately sixty feet south of an overpass spanning I-66. The intersection is also buttressed by a hill. Plaintiff contends that these conditions combined to obstruct the view of drivers approaching the intersection from either direction, thereby making the intersection extremely

---

[1] Count I of Plaintiff's Motion for Judgment names Colin W. Morgan as a defendant, alleging willful, wanton, and reckless conduct causing injury and death.

dangerous. The land comprising the intersection is owned and controlled by the State.

## I. *Count II: Gross Negligence; Demurrer*

The Virginia Tort Claims Act expressly preserves the sovereign immunity of high ranking state officials and their employees and agents to the extent and degree of immunity enjoyed by them before the passage of the Act. Va. Code § 8.01-195.3. Prior to the enactment of the Act in 1982, Virginia courts had consistently followed the common law, conferring immunity on employees of the state or its agencies who perform discretionary functions within the scope of their employment. *See Messina v. Burden*, 228 Va. 301, 310 (1984); *Lawhorne v. Harlan*, 214 Va. 405, 407 (1973). This immunity, however, is not unqualified. The Virginia Supreme Court has suggested, and the Assistant Attorney General has conceded in oral argument herein, that the doctrine shields state employees from liability under these circumstances only for acts of simple negligence. *See Messina*, 228 Va. at 311; *Bowers v. Commonwealth*, 225 Va. 245, 253 (1983); *James v. Jane*, 221 Va. 43, 53 (1980). Assuming, without deciding, that the Individuals were performing a discretionary function within the scope of their employment, they are nonetheless subject to liability for acts or omissions constituting gross negligence. Gross negligence is defined as "a heedless and palpable violation of a legal duty respecting the rights of others [and] ... amounts to the absence of slight diligence or the want of even scant care." *Frazier v. City of Norfolk*, 234 Va. 388, 393 (1987).

The Virginia Supreme Court has recently declared the determination of gross negligence to be an issue of fact properly decided by a jury. *Chapman v. City of Virginia Beach*, 252 Va. 186 (1996) (citing *Frazier*, 234 Va. 388, 393 (1987)). In *Chapman*, the Court considered a claim for wrongful death based in part on the gross negligence of a city official for failing to repair a broken gate located near a public beach. The gate's broken condition led to the death of an eight-year-old girl. The supervisor of the department in charge of repairing the gate was notified of its condition on several occasions and failed to act before the child's untimely death. In reviewing the propriety of the trial court in setting aside a verdict of gross negligence, the Virginia Supreme Court reasoned:

> Several acts of negligence which separately may not amount to gross negligence may have a cumulative effect showing a form of reckless or total disregard for another's safety .... Deliberate conduct is "important evidence on the question of gross negligence" ... [the

employee] had the authority to schedule and initiate repair of the gate but did not direct that immediate action be taken .... The decision not to take any action was deliberate. On this record reasonable persons could differ upon whether the cumulative effect of these circumstances constitutes a form of recklessness or total disregard of all precautions, an absence of diligence, or lack of even slight care. Accordingly, the issue was properly submitted to the jury ... .

*Id.* at 190-91 (1996) (quoting *Kennedy v. McElroy*, 195 Va. 1078, 1082 (1954)).

Plaintiff's Motion for Judgment alleges that "as early as 1990," the Individuals became aware of the hazardous nature of the intersection through "studies" and "numerous complaints" and failed to act to abate the danger. Plaintiff further avers that these defendants "completely ignored" the danger and "grossly and negligently" maintained the intersection. Motion for Judgment, ¶¶ 13, 14. The standard for evaluating a motion for judgment at the demurrer stage is set forth in *CaterCorp, Inc. v. Catering Concepts, Inc.*, 246 Va. 22 (1993). "A demurrer admits the truth of all material facts properly pleaded." *Id.* at 24 (quoting *Rosillo v. Winters*, 235 Va. 268, 270 (1988)). Moreover, facts deemed admitted encompass not only those expressly alleged, but those reasonably inferable therefrom. *Id.* It is not necessary for the plaintiff to offer details toward proving the allegations made in his motion for judgment. In order to withstand demurrer, the plaintiff need only make allegations of material facts sufficient to inform a defendant of the nature and character of the claim against him. *Id.* Based on the Virginia Supreme Court's articulation of the parameters of gross negligence in its ruling in *Chapman*, at this stage of the proceedings, Plaintiff has stated a sufficient allegation of gross negligence to withstand demurrer. The Demurrer to Count II is, therefore, overruled.

## II. *Count II: Gross Negligence; Plea in Bar*

The Virginia Tort Claims Act represents a limited waiver of immunity for actions in tort. The waiver is specific and limited to the State and certain transportation districts. *Commonwealth v. Coolidge*, 237 Va. 621, 623 (1989). VDOT and the Board are state agencies and, therefore, are not within the scope of the Act's waiver of immunity. State agencies are immune from liability in tort for acts or omissions of their agents and employees. *See Bowers v. Commonwealth*, 225 Va. at 253; *see also Baumgardner*, 247 Va. at 489. Therefore, the Plea in Bar to Count II is sustained as to VDOT and the Board.

Va. Code § 8.01-195.3(2) excludes recovery under the Act's limited waiver of immunity for acts or omissions attributable to "the legislative function of any agency." A Plea in Bar is a defensive pleading, the success of which rests on the establishment of an issue of fact. It is the moving party's burden to put forth evidence to substantiate its plea. *See Weichert Co. v. First Commercial Bank*, 246 Va. 108, 109, n. (1993). The State has not presented the Court with a sufficient factual basis to determine whether the decision to design, redesign, or improve the relevant intersection constitutes a "legislative function." Therefore, the State's Plea in Bar to Count II is overruled.

### III. *Count III: Nuisance; Demurrer*

Count III sets out a claim against the "defendants and each of them for creating and maintaining a public nuisance." Motion for Judgment, ¶ 16. The earlier analysis of sovereign immunity for individual state employees applies equally to claims of nuisance. The Demurrer to the claim for nuisance is overruled.

In making this ruling, the Court takes note of the Virginia Supreme Court's discussion of nuisance in the recent *Chapman* decision. *Chapman v. City of Virginia Beach, supra*. In *Chapman*, as here, the plaintiff, in separate counts, alleged both negligence and nuisance. The trial court struck the nuisance count, reasoning that it was duplicated in the negligence count. The Virginia Supreme Court reversed this ruling finding that negligence and nuisance are legally distinct concepts. "A cause for nuisance is based on a claim of injury resulting from a condition which is dangerous to the public ... [w]hile negligent acts may give rise to the dangerous condition, the acts themselves do not constitute a nuisance." *Id.* at 192.

### IV. *Count III: Nuisance; Plea in Bar*

In asserting that sovereign immunity bars the claim for nuisance, the State relies on *Taylor v. City of Charlottesville*, 240 Va. 367 (1990). In *Taylor*, the Virginia Supreme Court reversed the judgment of the trial court in sustaining the city's demurrer to a count of nuisance. In making its ruling, the court contrasted its holding with that in *Kellam v. School Board*, 202 Va. 252 (1960), where it held that instrumentalities of the State "partake of the state's sovereignty with respect to tort liability." *Id.* at 258-59. Neither *Taylor* nor *Kellam* stands for the proposition that the State, itself, is immune from liability for claims of nuisance. Rather, these cases recognize that state agencies, and to a lesser extent, municipalities are, in varying degrees according to the

factual circumstances of each case, protected by sovereign immunity *precisely because* their acts or omissions are subject to the sovereign authority of the State. While the Act preserves the level of immunity enjoyed by state agencies prior to its enactment in 1982, it expressly waives immunity from liability in tort for the Commonwealth. Va. Code § 8.01-195.3(7). Consequently, the Commonwealth is not exempt from liability for nuisance claims. The Plea in Bar to Count III is, therefore, overruled as to the State but sustained as to VDOT and the Board, who are dismissed from this action.