# CIRCUIT COURT OF THE CITY OF RICHMOND

Rufus Thomas, Jr.

v.

Michael Payne et al.

June 13, 2005

Case No. LS-1995-1

By JUDGE MELVIN R. HUGHES, JR.

In this case, Plaintiff seeks money damages on a claim that the defendants, the Sheriff of the City of Richmond, two deputy sheriffs, the State Police and six of its officers allowed and failed to prevent the disclosure of his criminal record. The defendants have all filed demurrers. The State Police and its officers have also filed a Plea in Bar.

A demurrer tests the legal sufficiency of a pleading and considers the facts alleged and those impliedly or reasonably inferred from the facts alleged. *Welding Inc. v. Bland County Service Auth.*, 261 Va. 218, 226 (2001).

Summarizing, Plaintiff alleges that Defendant, Payne, a deputy sheriff, "intentionally ran a background check on Plaintiff, Rufus Thomas, on the Virginia Criminal Information Network (VCIN) and/or National Crime Information Center (NCIC) system, for personal reasons." Defendant Payne disclosed the information to other deputy sheriffs. Plaintiff reported this to superior officers in the Richmond Sheriff's Department and to the various State Police defendants. Defendants either intentionally or with gross negligence disseminated the information without authority or failed to prevent its further disclosure. They have a duty "to adopt procedures and establish rules of conduct" to ensure against the improper disclosure of criminal background information. As a result of the improper disclosure Plaintiff has suffered, *inter*

52

*alia*, humiliation, embarrassment, shame and ridicule, loss of employment, and incurred medical expenses.

## Department of Criminal Justice Services

Va. Code § 9.1-100 *et seq.* creates a Department of Criminal Justice Services and establishes a Criminal Justice Board. Under Va. Code § 9.1-1130, criminal justice agencies in Virginia that maintain criminal justice information systems are charged with adopting procedures to ensure the security of the system and the prevention of unauthorized disclosure of information in the system. Under Va. Code § 9.1-101, "criminal justice agency" is defined as a "governmental agency . . . which, as its principal function, performs the administration of criminal justice." The Sheriff's office of the City of Richmond and the Virginia State Police are such criminal justice agencies. Va. Code § 9.1-135 provides for civil remedies for violation of Chapter 1 of Title 9.1, which establishes the Department of Criminal Justice Services. The section provides:

> § 9.1-135 B Civil remedies for violation of this chapter or Chapter 23 of Title 19.1-2. A. Any person may institute a civil action in the circuit court of the jurisdiction in which the Board has its administrative headquarters, or in the jurisdiction in which any violation is alleged to have occurred:
>
> 1. For actual damage resulting from violation of this article or to restrain any such violation, or both.
>
> 2. To obtain appropriate equitable relief against any person who has engaged, is engaged, or is about to engage in any acts or practices in violation of Chapter 23 (§ 19.2-387 et seq.) of Title 19.2, this chapter or rules or regulations of the Board.
>
> B. This section shall not be construed as a waiver of the defense of sovereign immunity. (1981, c. 632, § 9-194; 2001, c. 844.)

Accordingly, the defense of sovereign immunity is preserved. Therefore, such claim cannot be maintained against the Virginia State Police, an agency of the Commonwealth. *See the Rector and Visitors of U.V.A. v. Carter*, 267 Va. 242, 591 S.E.2d 76 ((2004).

Nor can there be a claim against any of the State Police defendants for failing to prevent the disclosure of information another criminal justice agency is charged under law with safeguarding and protecting. There is no provision imposing an obligation on a criminal justice agency from protecting against

disclosure by an agent of another criminal justice agency. Similarly, there is no right of action provided against a criminal justice agency for failing to institute and maintain safeguards after disclosure by another separate criminal justice agency. Accordingly, as to all the State Police defendants, their demurrers are sustained.

### Negligence; Failing to Safeguard

In order to mount a claim of negligence and avoid the bar of sovereign immunity, against Defendants, Sheriff Mitchell, Captain Sink, Lt. Genault, and Major Minion, the Richmond Sheriff Defendants, the facts alleged must amount to gross negligence, that degree of negligence which shows indifference to another as constitutes utter disregard of prudence amounting to complete neglect of the rights and safety of others. Such facts must shock fair-minded persons. *Meagher v. Johnson*, 239 Va. 380, 389 S.E.2d 310 (1990). These Defendants are protected by sovereign immunity for any acts of simple negligence. Any duty imposed to safeguard criminal background information involves the exercise of judgment and discretion.[1] *See James v. Jane*, 221 Va. 43, 53 (1980). As Plaintiff has not alleged sufficient facts to state a claim of gross negligence against Defendant, Sheriff Mitchell, the demurrer is sustained as to this Defendant on a theory of negligence. As to defendants Captain Sink, Lt. Genault, and Major Minion, there is likewise an insufficiency in the facts alleged that would constitute gross negligence. In addition, as to those defendants, the facts alleged do not state a cause of action for failing to properly service and maintain criminal background information because none of these defendants are alleged to be charged with that responsibility. Accordingly, as to negligence, the demurrer is sustained as to these Defendants.

### Intentional Act

To the extent Defendant Payne committed an intentional act, while acting within the scope of his employment, Defendant Sheriff Mitchell may be liable on the basis of respondeat superior.[2] The pleading with respect to Payne individually is likewise sufficient under Va. Code § 9.1-135 for an intentional

---

[1] Plaintiff alleges that running a background check is a ministerial act. What is verboten is disclosing criminal background information without a proper purpose. *See* Va. Code § 19.2-389 (2004).

[2] The only allegation of intentional conduct is directed to defendant Payne.

54

unauthorized access and use of the plaintiff's information. Accordingly, the demurrer is overruled as to Sheriff Mitchell on a theory of respondeat superior and overruled as to defendant Payne insofar as an intentional act.

For the reasons stated herein, the demurrers and pleas in bar are sustained in part and overruled in part. Plaintiff is granted leave to amend on or by June 27, 2005, with Defendants to file any responsive pleading on or by July 5, 2005.