# CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE

Chris A. Pallas

v.

Tiger Fuel Co.

November 6, 1998

Case No. 98-87

BY JUDGE EDWARD L. HOGSHIRE

In a suit for specific performance, the Defendant Tiger Fuel Company ("Tiger Fuel") has filed a demurrer. After listening to oral argument and reviewing the briefs submitted by the parties, the Court is now prepared to rule on the motion.

## Statement of Facts

For the purposes of a demurrer, the plaintiff's factual allegations will be taken as true. The Plaintiff, Chris Pallas, filed a complaint seeking an order requiring the Defendant, Tiger Fuel Co., to transfer all of its stock in CAP (a corporation formed by Pallas and his uncle Spyros Papageorge) to Pallas in accordance with an agreement between Pallas and Papageorge. Papageorge agreed to co-sign on a loan to CAP in exchange for 51% of the stock in the company. Complaint, ¶ 3. Both parties signed a barely-legible written agreement, which restricts Papageorge's transfer rights by granting Pallas the right to reclaim the stock upon releasing Papageorge from his position as guarantor of the loan. Complaint, Exhibit A. The agreement also provides Papageorge with a monthly income of $500.00. *Id.* Pallas subsequently entered into negotiations with Tiger Fuel for the purposes of exploring joint venture options. Complaint, ¶ 6-7. Tiger Fuel then allegedly volunteered to replace Papageorge and take his place as the guarantor. Complaint, ¶ 10. The Plaintiff thus contends that Tiger Fuel agreed to take the stock subject to the same

restrictions in the agreement between Pallas and Papageorge. Relationships between the Plaintiff and the Defendant have soured, and now Pallas has sufficient funds to release Tiger Fuel from its position as guarantor and reclaim the stock. Complaint, ¶ 12.

Tiger Fuel has refused to transfer the stock to Pallas, prompting him to initiate this lawsuit. Complaint, ¶ 13. After Pallas filed suit, Tiger Fuel filed a demurrer, alleging that a lack of consideration rendered the Pallas-Papageorge agreement unenforceable, denying any restriction on Defendant's stock, claiming that Defendant is not a "survivor" of Papageorge and asserting that there is no alleged agreement which could be enforced against Tiger Fuel.

### Question Presented

Has the Plaintiff stated a valid theory upon which relief may be granted?

### Discussion of Authorities

For the purposes of a demurrer, the Court considers only the legal sufficiency of the Plaintiff's allegations. The demurrer admits all well-pleaded facts and inferences properly drawn therefrom, which includes facts expressly alleged, facts fairly inferred from facts alleged, and facts impliedly alleged. *See, Rossillo v. Winters*, 235 Va. 268 (1988). As a general rule, a demurrer to the whole bill must be overruled if any part is good. *See McKeever Assoc. v. Giuseppe*, 29 Va. Cir. 362 (1992). In this case, the Defendant has made a general demurrer to the complaint as a whole and has made a demurrer regarding specific claims as well. Demurrer, ¶ 1-5. The Court will therefore consider each allegation, along with the demurrer as a whole.

### A. *Survivor v. Successor-in-Interest*

The Plaintiff initially alleged that the Defendant was bound by the terms of the Pallas-Papageorge agreement based on the language making it applicable to Papageorge's survivors. The Pallas-Papageorge agreement binds Papageorge's "survivors," but it does not bind his successors-in-interest. Defendants cite *Layne v. Henderson*, 232 Va. 332, 338 (1986), for the proposition that "survivor" does not equate with "successor-in-interest." In subsequent filings, the Plaintiff appears to concede the invalidity of this theory. In its memorandum filed on September 11th, the Plaintiff retreated from this theory while pressing a stock transfer restriction rationale. Therefore, the Court

finds that Paragraph 4 of the demurrer should be sustained based on the Supreme Court's holding in *Layne*.

## B. *Stock Transfer Restriction*

The Plaintiff cites a statute that permits restrictions on the transfer of stock when the opposing party has notice of the restriction. Therefore, Plaintiff argues that because Tiger Fuel knew of the restrictions in Papageorge's ownership of CAP's stock, then it took the stock with the same restrictions. Va. Code Ann. § 13.1-649 provides:

> A. The articles of incorporation, bylaws, an agreement among shareholders, or an agreement between shareholders and the corporation may impose restrictions on the transfer or registration of transfer of shares of the corporation. A restriction does not affect shares issued before the restriction was adopted unless the holders of the shares are parties to the restriction agreement or voted in favor of the restriction.
> B. A restriction on the transfer or registration of transfer of shares is valid and enforceable against the holder or a transferee of the holder if the restriction is authorized by this section and its existence is noted conspicuously on the front or back of the certificate or is contained in the information statement required by subsection B of § 13.1-648. Unless so noted, a restriction is not enforceable against a person without knowledge of the restriction.

*Id.* Although these provisions permit transfer restrictions, Plaintiff acknowledges that he did not comply with the requirements of § 13.1-648. Therefore, he essentially argues that because a stock transfer restriction is not binding on a person without notice, then the converse, i.e., that notice of a restriction binds the taker, is true. The Defendant points out that Plaintiff can cite no authority for that proposition.

Part of the reason that the Plaintiff cannot draw upon Virginia precedents is that no Virginia courts have explicitly considered these statutory provisions. Nevertheless, the plain language of the statute does not appear to go as far as the Plaintiff believes. Accordingly, Paragraph 3 of the demurrer is sustained insofar as it alleges that the Plaintiff did not comply with the statutory requirements for stock transfer restrictions.

## C. *Basic Contract Theory*

Paragraphs 1, 2, and 5 of the demurrer are general in nature. Therefore, if the Court finds any allegation which states a claim upon which relief can be granted, the remainder of the demurrer (i.e., other than Paragraphs 3 and 4) must be overruled. *McKeever Assoc. v. Giuseppe*, 29 Va. Cir. 362 (1992). Based on its review of the Complaint and the allegations contained therein, the Court finds that the Plaintiff has stated a valid contract claim.

The essential elements of a contract are offer and acceptance, along with valuable consideration. *See, e.g., Montagna v. Holiday Inns, Inc.*, 221 Va. 336 (1980). A proponent of an oral contract has the burden of proving all the elements of a valid enforceable contract. *See, e.g., Richardson v. Richardson*, 10 Va. App. 391 (1990).

First, it should be noted that the Plaintiff has properly alleged the existence of a valid contract between Pallas and Papageorge. Plaintiff has alleged that Pallas agreed to the terms of the agreement in return for Papageorge's willingness to guarantee the loan. Complaint, ¶ 3-4. The transaction on the whole, i.e., Pallas transferring 51% of CAP's stock to Papageorge in return for his guarantee on the loan, does have consideration because both parties have suffered a detriment. The Plaintiff has also alleged offer and acceptance between the parties. *Id.*

The next step in the analysis is to determine whether the Plaintiff has stated a valid claim for his contract to be binding on the Defendant. In Paragraph 10 of the Complaint, Plaintiff claims:

> In order to keep Pallas from negotiating a sale to McDonalds, Tiger, through Sutton, advised Pallas that it would assume the position of Papageorge in CAP, that it would honor the March 31, 1995, agreement between Pallas and Papageorge, and that it would proceed forthwith, with Pallas, to develop the property as outlined in the March 7, 1996, proposal. On May 3, 1996, Tiger requested of Pallas another copy of the March 31, 1995, agreement.

Complaint, ¶ 10. The next paragraph of the Complaint states "[t]hat in reliance upon the March 7, 1996, letter and upon the statements and assurances given by Tiger to Pallas on May 3, 1996, Pallas discontinued negotiations with McDonald and consented to the transfer of Papageorge's stock in CAP to Tiger." Complaint, ¶ 11.

Assuming the truth of his allegations and drawing reasonable inferences therefrom, Plaintiff agreed to transfer stock in CAP to Tiger in exchange for

Tiger's guarantee of the pre-existing loan. Complaint, ¶ 8-11. Therefore, valuable consideration exists because both parties suffered a detriment: Pallas transferred his shares of stock and Tiger became liable in the event of a default on the loan. Paragraphs 10 and 11 of the Complaint also evince offer and acceptance between the parties. Plaintiff alleges that the Defendant "advised Pallas that it would assume the position of Papageorge" and that in reliance upon those assurances, Pallas transferred the stock to Defendant.

The Plaintiff has also alleged breach of the contract. Pallas claims that he offered to release Tiger Fuel from its guarantee in exchange for the remaining stock in accordance with their agreement but that Tiger Fuel refused. Complaint, ¶ 12-13. Based on the alleged breach, Plaintiff may be entitled to his requested remedy of specific performance. "[I]n a proper case, a court may specifically enforce a contract to deliver stock where 'the stock is not readily purchasable in the market and its pecuniary value is uncertain and not easily ascertainable'." *Dominick v. Vassar*, 235 Va. 295, 300 (1988). "This is especially true where, as is the case here, the purpose of the contract is to prevent the control of the corporation by antagonistic interests." *Fanney v. Investment Corp.*, 200 Va. 642, 652 (1959). The reasonable inference drawn from the facts alleged is that Pallas insisted on the option to reacquire the stock because he did not want unrelated third parties to control his close corporations without his consent.

## Conclusion

Accepting the alleged facts as true and drawing reasonable inferences therefrom, the Plaintiff does state a contract claim upon which relief may be granted. For the above-stated reasons, the Court overrules the general demurrer but sustains the specific claims in Paragraphs 3 and 4 of the demurrer.