RONALD H. ROSILLO

V.

LAWRENCE J. WINTERS, ET AL.

Record No. 850248

April 22, 1988

Present: All the Justices

*C. Torrence Armstrong (James F. Pascal; Hirschler, Fleischer, Weinberg, Cox & Allen*, on briefs), for appellant.

*N. Leslie Saunders, Jr. (Charles W. Hundley; Saunders, Hundley & Gilliam*, on brief), for appellees.

COMPTON, J., delivered the opinion of the Court.

In this partnership controversy, we consider whether the allegations of the bill of complaint are sufficient to withstand demurrer and, if so, whether certain orders crucial to the regularity of the proceeding are void because entered in violation of the Rules of Court.

In March 1983, appellees Lawrence J. Winters and Ann M. Winters filed a bill of complaint against appellant Ronald H. Rosillo, alleging that the trio were partners under a partnership agreement. The plaintiffs asked the court below to require defendant to contribute certain sums to the partnership or, in the alternative, to appoint a receiver, to dissolve the partnership, and to dispose of its assets.

A demurrer was overruled and a receiver appointed. Eventually, the court entered a final decree dissolving the partnership, granting judgment against defendant for $97,760.77, and confirming plaintiffs' bid "to purchase the partnership" for $275,000. We awarded defendant an appeal from that decree entered in January 1985.

On appeal, defendant contends initially that the trial court erred in overruling the demurrer. He argues that the bill of complaint failed to state a cause of action upon which relief could be granted. We disagree.

■ A demurrer admits the truth of all material facts properly pleaded. Under this rule, the facts admitted are those expressly alleged, those which fairly can be viewed as impliedly alleged, and those which may be fairly and justly inferred from the facts alleged. *Ames* v. *American National Bank*, 163 Va. 1, 37, 176 S.E. 204, 215-16 (1934). We will examine the allegations of the bill of complaint in accordance with these principles.

The plaintiffs alleged that they entered into a partnership agreement with defendant in April 1979 for the purpose of "acquiring, developing and leasing real estate." A copy of the agreement was attached to the bill and provided that the profits and losses of the partnership would be borne in the following proportions: Lawrence Winters—25%; Ann Winters—25%; and Rosillo—50%.

The plaintiffs further alleged that several properties, listed on an attached exhibit, had been acquired by the partnership but that "for the past several years" the partnership had experienced "a negative cashflow resulting in substantial losses to the partnership." The plaintiffs also alleged that they had made "substantial cash contributions" to the partnership "in order for the partnership to keep from losing its property," but that defendant refused "to contribute his proportionate share." The plaintiffs further asserted that if "additional cash is not contributed by the partners immediately, then the partnership will lose its assets and all partners will suffer substantial losses."

Therefore, the plaintiffs alleged, the court should order defendant to account to the partnership. In addition, the plaintiffs asked the court to require defendant to contribute substantial sums to the partnership "so that the partnership can experience a positive cashflow," and "so that his contribution shall be equal to the contribution made by the plaintiffs to the partnership." In the alternative, the plaintiffs asked that a receiver be appointed to preserve and dispose of the assets of the partnership and that the partnership be dissolved.

■ Upon examination of the statutory requirements for dissolution of a partnership by decree of court, we agree with plaintiffs that the bill of complaint sufficiently states grounds for relief. Code § 50-32(1)(e) provides that, on application by a partner, the court shall decree a dissolution whenever the "business of the partnership can only be carried on at a loss." The plaintiffs alleged that for several years the real estate venture had sustained

"substantial" losses and that the partnership was in immediate danger of losing its assets. Viewing these allegations as we must on demurrer, we hold that they barely are sufficient to support a claim that the business "can only be carried on at a loss." Therefore, the trial court properly overruled the demurrer, although an order never was entered expressly reciting the court's action on the demurrer.

We will not address another argument defendant made in support of his position that the demurrer should have been sustained. Defendant argues that the bill of complaint failed "to identify the basis upon which the trial court could order Rosillo to advance money to the partnership." He says that neither the common law, the applicable statutes, nor the partnership agreement furnish authority for the plaintiffs' claim. We have been presented with a confusing and inadequate record on appeal and we are not satisfied that this issue was fully developed at the trial level. Accordingly, and since this case will be remanded, that question is left open to be raised on remand.

■ The second contention made by defendant is that orders essential to the regularity of the proceeding were entered without notice to him and are void. He focuses on the order of August 18, 1983, which appointed a receiver to take charge of partnership assets, and the final decree of January 3, 1985. As will become obvious, we need address only the former order.

Rule 1:13 provides,

"Drafts of orders and decrees shall be endorsed by counsel of record, or reasonable notice of the time and place of presenting such drafts together with copies thereof shall be served by delivering or mailing to all counsel of record who have not endorsed them. Compliance with this rule . . . may be modified or dispensed with by the court in its discretion."

The August order was endorsed by counsel of record for the plaintiffs but not by counsel of record for the defendant. Although the order recites that the plaintiffs and the defendant "came" by counsel, the record discloses that the notice required by Rule 1:13 was not given nor was any evidentiary hearing held on the issues underlying the findings contained in the order before that order was entered.

The record does show, however, that following hearings in June and July of 1983, at which the demurrer was argued, counsel for plaintiffs mailed to counsel for defendant a draft of an order mentioning that argument on the demurrer was taken under advisement and providing for appointment of a receiver. The record also shows that counsel for defendant submitted a revised order to plaintiffs' counsel, who found it "totally unacceptable." Subsequently, and after the attorneys could not reach agreement on the form of the order, the plaintiffs' draft was forwarded to the court and entered by Judge Humphries on August 18.

The record contains two accounts of how the draft order reached Judge Humphries for entry. According to one version, plaintiffs' counsel, "after waiting and waiting for the Order" to be returned to him by defendant's counsel, "called" Judge D. W. Murphey, another judge of the trial court, and asked for a hearing. Judge Murphey had entered a routine order in the case and heard argument on the demurrer. According to counsel, Judge Murphey "said he had had enough hearings and did not need any more, to send him the Order without Mr. Pascal's [trial counsel for defendant] signature. So, I sent the order."

According to the other version, counsel for the plaintiffs "ran into" Judge Murphey in a courthouse corridor and "discussed the case" during which the judge asked "when we were going to get the order." Counsel responded that he could not "get Mr. Pascal to sign it" and the judge asked that the order be submitted for entry without Pascal's endorsement. Plaintiffs' draft was then mailed to the court "with a copy sent to Mr. Pascal."

■ Under either version, the draft order should not have been entered. The endorsement of defendant's counsel should have been obtained or counsel should have been furnished with reasonable notice of the time and place of presenting the draft for entry. Rule 1:13; *Cofer v. Cofer*, 205 Va. 834, 836, 140 S.E.2d 663, 665 (1965). The fact that the attorneys were at odds on the form of the order made the requirement of notice and an opportunity for a hearing all the more important in this case.

■ And, if the court entered the order intending to dispense with the requirements of the Rule, the court abused its discretion. *Iliff v. Richards*, 221 Va. 644, 649, 272 S.E.2d 645, 648 (1980); *Cofer*, 205 Va. at 837, 140 S.E.2d at 665. The order provided not only for appointment of a receiver and fixed the receiver's bond, but it also recited significant findings. For example, referring to

the *allegations* of the bill of complaint, the court determined "that the partnership is in such financial condition that it should be dissolved as soon as possible." The court also determined "that it is necessary and proper that a receiver be appointed to take charge of the partnership business in order to preserve the assets and protect the interest of all parties concerned." The order further directed the receiver to assume full and complete control of the business and "to wind up the business of the partnership as soon as possible." Substantial rights of the defendant were affected by the action of the court embodied in the order and the court should not have dispensed with notice and an opportunity for the defendant to be heard.

Consequently, we hold that the order of August 18, 1983 was void, thus nullifying all subsequent proceedings in the suit. The final decree will be reversed and the suit will be remanded to the trial court. The suit shall proceed on the bill of complaint after the trial court enters an order overruling the demurrer.

*Reversed and remanded.*