## CIRCUIT COURT OF FAIRFAX COUNTY

Maplefield Homeowners Ass'n

v.

Sandra Basham

Case No. (Chancery) 131341

Maplefield Homeowners Ass'n

v.

Robert Tunstall et ux.

Case No. (Chancery) 131342

Maplefield Homeowners Ass'n

v.

Fares Abi-Najm et ux.

Case No. (Chancery) 131343

May 4, 1994

BY JUDGE THOMAS A. FORTKORT

This matter is before the court on plaintiff Maplefield Homeowners Association's Demurrer to the Cross-Bills of Complaint filed by defendants Mrs. Sandra Basham, Mr. and Mrs. Robert Tunstall, and Mr. and

Mrs. Fares Abi-Najm (the Homeowners). Each Cross-Bill contained three counts: Express Easement (Count I), Equitable Easement (Count II), and Irrevocable License (Count III). For the reasons stated in open court, the court overruled the general Demurrer brought on the ground of inconsistent pleading and the Demurrer to Count I. The court took under advisement the Demurrer as to Counts II and III.

The facts are outlined in the parties' memoranda. Each defendant is a homeowner in the Maplefield subdivision of Fairfax County. The Association asserts that each homeowner has erected a backyard fence which extends onto and envelops part of the Association-owned common area. Seeking both injunctive relief and damages for trespass, the Association alleges breach of certain restrictive covenants contained in the Association's Declaration of Covenants, Restrictions and Conditions.[1] Pursuant to the terms of these covenants, a Maplefield homeowner must gain approval from both the Association's Board of Directors and Architectural Control Committee before a fence is erected on a Maplefield lot. The pertinent facts are identical except that in *Basham* the named defendant erected the fence, and in *Tunstall* and *Abi-Najm* the fences were erected before the named defendants acquired title to the properties.

The defendants do not dispute that the fences enclose part of the common area. Indeed, each defendant charges that the Association granted permissive use of the common area based one of three alternative theories: Express Easement (Count I); Equitable Easement (Count II); and, Irrevocable License (Count III). The defendants claim that after a membership vote the Association agreed to allow homeowners to extend their existing fences to include the common area appurtenant to each homeowner's property. Subsequently, Mrs. Basham and the predecessors-in-title to the Tunstalls and Abi-Najms, upon application to the Association, were granted authorization to extend their fences. Defendants' Cross-Bills of Complaint at 4-5. Plaintiff has demurred to all three counts contending that the Cross-Bills fail to state a claim upon which relief may be granted. Having previously overruled the Demurrer to Count I, the court now focuses on the Demurrer to Counts II and III.

In alleging an easement, the defendants must assert "a privilege to use the land of another in a particular manner and for a particular purpose."

---

[1] The Declaration, dated January 26, 1978, was recorded in Deed Book 4798, Page 218, as amended, in the Land Records of Fairfax County, and governs all homes and lots located within the Maplefield community. Plaintiff's Motions for Judgment at 2-3.

*Stoney Creek Resort v. Newman*, 240 Va. 461, 464-65 (1990), citing *Brown v. Haley*, 233 Va. 210, 216-17 (1987). A review of Virginia law on easements reveals that this privilege may be protected by injunctive relief, and that "the proof necessary to justify equitable relief includes evidence of the facts that give rise to the easement, whether by express grant or reservation, by implication or other means." *Stoney Creek*, 240 Va. at 465; *Brown*, 233 Va. at 217. It has been held in this Commonwealth that, "if the transaction is one which if under seal would create an easement, it being classed as a license merely because it is oral, upon a part performance thereof by the licensee by the expenditure of money or otherwise, a court of equity may regard it as an equitable easement and therefore irrevocable in equity." *Carpenter v. Stapleton*, 169 Va. 22, 29 (1937). In Count II, defendants have alleged an agreement between the homeowners and the Association (which if properly executed would have granted an express easement) and part performance through expenditure of money to erect and maintain the fences in reliance on the Association's actions.

Alternatively, defendants argue that they have acquired an irrevocable license. A license has been described as "a right, given by some competent authority to do an act which without such authority would be illegal, a tort or a trespass." *Bunn v. Offutt*, 216 Va. 681, 683 (1976). Ordinarily revocable by the grantor, an irrevocable license has heretofore been recognized in Virginia when:

> the license . . . consists not merely in the permission given one
> to do something on his own land which injuriously affects or
> puts a burden upon the land of the person giving the permission,
> but consists of the rights to build and use, for a definite purpose,
> some structure on the land of the latter, and where the structure
> is accordingly built by the former, at large outlay of expense
> which would not have been made but for the permission being
> given.

*Buckles v. Kennedy C. Corp.*, 134 Va. 1, 16-17 (1922).

More recently, the Virginia Supreme Court interpreted the *Buckles* doctrine in *Moore v. Lewis*, 208 Va. 560 (1968). The Court found that the *Buckles* principle did not apply when a plaintiff consented to local oystermen using a portion of plaintiff's waterfront property as an access road to fishing vessels moored in the creek. Although the oystermen, as part of a community effort, had made substantial improvements to the existing jetty and expended sums for dredging the channel, "there was no parol grant of

a right of way and no structure placed on the [plaintiffs'] land." *Moore*, 208 Va. at 567. Therefore, because the plaintiff was not in a position to object to or authorize the improvements, the court failed to find an irrevocable license or equitable easement. *Id.* In the case at bar, however, the Cross-Bills of Complaint do allege that the Association made a grant, whether parol or express, to use the common area, that the homeowners expended sums in reliance on this, and that the Association acquiesced in the construction and continued maintenance of the fences.

One further point must be addressed regarding the license argument. It has been held in Virginia that "a license is personal between the licensor and licensee and cannot be assigned." *Bunn v. Offutt*, 216 Va. 681, 683 (1976), citing *Hodgson v. Perkins*, 84 Va. 706 (1888). This might suggest that the license claims of the Abi-Najms and the Tunstalls are insufficient as alleged because these defendants were not the owners of the property when the fences were erected, and, thus, were not the original licensees. Nonetheless, because the authority in Virginia equates an irrevocable license with an easement, this court finds that assignment of an irrevocable license is no bar to the claim brought by the successors-in-interest of the original licensees.

"A demurrer admits the truth of all material facts properly pleaded, being those which are expressly alleged, those which fairly can be viewed as impliedly alleged, and those which may be fairly and justly inferred from the facts alleged." *Rosillo v. Winters*, 235 Va. 268, 270 (1988), citing *Ames v. American National Bank*, 163 Va. 1, 37 (1934). Upon review of the defendants' Cross-Bills, this court finds that the defendants have stated a cause of action for both equitable easement and irrevocable license. Therefore, for the reasons stated above, the court overrules the Demurrers as to Counts II and III of the Cross-Bills of Complaint.