# CIRCUIT COURT OF CHESTERFIELD COUNTY

Erni Components, Inc.

v.

Eagle Industrial Installations, Inc.,
and Carter Machinery Co., Inc.

August 19, 1998

Case No. CL97-951

BY JUDGE HERBERT C. GILL, JR.

The parties were before the Court on August 19, 1998, for oral argument regarding Carter Machinery's ("Carter") demurrer. Carter demurs to the negligence count on the basis that the plaintiff's ("Erni") damages are economic loss, and the plaintiff is barred from recovery as there is no privity of contract. The demurrer on the breach of contract claim is based on the argument that there is no contract with Carter, and Erni is not a third party beneficiary to the contract between Carter and Eagle Industrial Installations ("Eagle"). Having reviewed the memoranda of the parties and the applicable law of Virginia, the Court finds as follows.

## I. *Negligence*

As the parties recognize in their memoranda, the law in Virginia is firmly established that there can be no recovery for economic loss unless there is privity of contract. *Sensenbrenner v. Rust, Orling & Neal*, 236 Va. 419 (1988). Therefore, the question is whether the damages alleged in Erni's motion for judgment are solely for economic loss or whether they are for damages to property.

In *Sensenbrenner*, the plaintiff contracted with O'Hara and Company, Inc. ("O'Hara") for the construction of a new home which was to include an indoor swimming pool. O'Hara then contracted with Rust, Orling & Neal, Architects, Inc. ("the architect") to design the home and the swimming pool. After the

work was completed, the bottom of the pool and the foundation of the home were damaged as a result of water pipes breaking and water leakage causing soil erosion under the pool and foundation of the house. *Id*. In this case, the plaintiff contracted only with Eagle for the installation and transportation of a circuit board punch press. Eagle, in turn, contracted with Carter for a forklift to be used in the movement and installation of the punch press. The plaintiff, in the case at hand, now alleges negligence on the part of Carter, causing $165,285.61 in damages.

The Court determines that here, as in *Sensenbrenner*, the plaintiff has merely alleged disappointed economic expectations. This is because the contract with Eagle included the transportation of the press, and it was this transportation that caused any alleged diminution in value. Therefore, contract law would provide the appropriate remedy. "Recovery in tort is available only when there is a breach of a duty 'to take care for the *safety* of the person or property of another'." *Id*. (quoting *Blake Construction Co. v. Alley*, 233 Va. 31, 34 (1987)). In this case, the plaintiff has alleged that Carter violated a duty imposed by law, but there are no facts alleged which show such a duty has been breached.

The plaintiff relies heavily on *City of Richmond v. Madison Management Corp.*, 918 F.2d 438 (4th Cir. 1985), for support of their argument that they may recover in tort. However, it is important to note that *City of Richmond* is a case in fraud and not negligence and is therefore not controlling on the instant case. The Court hereby grants Carter's demurrer as to the negligence count.

## II. *Breach of Contract*

"A demurrer admits the truth of all material facts properly pleaded. Under this rule, the facts admitted are those expressly alleged, those which fairly can be viewed as impliedly alleged, and those which may be fairly and justly inferred from the facts alleged." *Rosillo v. Winters*, 235 Va. 268, 270 (1988). In Count IV of their motion for judgment, the plaintiff alleges only that "defendant Carter was aware of the intended use of the forklift truck" and "ERNI was a known and intended beneficiary of the services rendered by Carter under its lease with Eagle." Motion for Judgment, paragraph 29-30. The plaintiff argues that these allegations are sufficient to establish that the plaintiff was a third party beneficiary of the contract between Eagle and Carter.

Under Virginia law, the third party beneficiary "must show that the parties to the contract clearly and definitely intended to confer a benefit upon him." *Valley Landscape Co., Inc. v. Rolland*, 218 Va. 257, 259-260 (1977). In *Valley*

*Landscape,* the Court further noted that it was insufficient for the party asserting the third party beneficiary claim to be incidentally benefitted by a proper performance of the contract. In this case, Erni's motion for judgment is insufficient to allege Erni was a third party beneficiary of the contract between Carter and Eagle. The allegation that Carter was aware of the intended use of the forklift is not enough to establish that the parties intended to benefit Erni. Further, paragraph 30, stating that Erni was an intended beneficiary is a conclusion of law rather than an assertion of fact and thus is not admitted by demurrer. *Motors Ins. Co. v. United States Fire Ins. Co.,* 208 Va. 684, 687 (1968). These are the only facts alleged upon which Erni relies in attempting to make out this third party beneficiary claim in their motion for judgment, and the Court finds them inadequate to state a claim for which relief can be granted. The Court will grant Carter's demurrer as to the breach of contract claim.

## III. *Conclusion*

The Court grants Carter's demurrer and dismisses Counts III and IV of Erni's motion for judgment. The Court further grants the plaintiff ten days' leave to file an amended motion for judgment as to the breach of contract (Count IV) claim. The Court dismisses with prejudice the negligence claim (Count III) against Carter.