## CIRCUIT COURT OF FAIRFAX COUNTY

Carrdinal Place Condominium
Board of Directors et al.

v.

Carrhomes Partnership et al.

December 21, 2000

Case No. (Chancery) 164307

BY JUDGE LESLIE M. ALDEN

This matter came to be heard upon the 29th day of September, 2000, upon the Demurrers and Motions for Partial Summary Judgment filed by Defendants Edward Carr, Carrdinal Place I, L.C., Carrhomes, Inc., Christopher B. Rupp, J. Michael Belle, David B. Williams, Thomas P. Davis, Bess H. Price, Mark Jalajel, James X. Stakem, Darlene B. Gwyn, and Teresa Phelps ("the Carr Defendants"); upon Opposition to the Demurrers and Motions for Partial Summary Judgment by Plaintiffs; and upon argument of counsel. The issues under advisement are as follows:

(1) Whether the Plaintiffs have stated a cognizable claim for Violation of Statutory Warranties (Count I) and Violation of Contractual Warranties (Count II) against the Carr Defendants.

(2) Whether the Plaintiffs have stated a cognizable claim for Actual Fraud (Count IV) and Constructive Fraud (Count V) against the Carr Defendants.

For the reasons set forth herein, the Court finds as a matter of law that the undisputed facts do not support the claims of actual and constructive fraud because (1) the facts do not show that an innocent or intentional misrepresentation was made and (2) even if the court assumes such a misrepresentation to have occurred, reasonable reliance by the Plaintiffs cannot be proven upon the facts asserted. The facts, however, do appear to be

in dispute as to the alternative theories of liability that have been alleged against the Carr Defendants for breach of warranty; therefore, these claims remain in the case.

## Factual Background

The Plaintiffs ("Homeowners") have properly joined together under the Multiple Claim Litigation Act to assert a number of claims against Carrhomes Partnership, Carrhomes, Inc., Carrdinal Place I, L.C., named managers and directors of Carrhomes, salespeople of the condominium units and former employees of Carrhomes, and former property manager Armstrong Management Services. At the heart of the Plaintiffs' case against these Defendants is the question of the identity of the entity selling the condominium units at Carrdinal Place, and whether an entity other than the seller may be held responsible for the alleged construction defects in the buildings at Carrdinal Place.

To this end, the Plaintiffs have asserted a number of different theories to hold some or all of the named Carr Defendants responsible for the defects alleged. The Carr Defendants have brought forth a Demurrer and Motion for Summary Judgment as to the claims of actual fraud, constructive fraud, violation of statutory warranties, and breach of contractual warranties. These are the only claims of the Plaintiffs' case addressed in this letter opinion.

In asserting fraud, the Plaintiffs essentially claim that the Carr Defendants confused them (either intentionally or innocently) as to the true identity of the seller of the condominium units. Plaintiffs' contend that printed publicity materials, representations by salespersons, and other communications up until the point of sale encouraged the Plaintiffs to believe that Carrhomes was the seller, when in fact, a separate entity, Carrdinal Place I, L.C., was the owner and seller of the property. Additionally, Plaintiffs argue that communications from the Carr Defendants after Purchase Agreements were signed, up until the time of settlement, and after settlement, continued to blur the distinction as to the seller's identity. Thus, the Plaintiffs argue they were fraudulently induced to enter into the purchase agreements and fraudulently induced to perform those agreements by further misrepresentations by the Carr Defendants.

The Carr Defendants' Demurrer and Summary Judgment motion assert that the identity of the seller was clear and unambiguous in the written documents. The purchase agreements, read and signed by the Plaintiffs, indicated that Carrdinal Place I, L.C., was the seller of the units and Carrhomes, Inc., was the builder and an agent for Carrdinal Place I. Thus, the operative documents show there was no misrepresentation of the seller's

identity and a claim for fraud cannot be established. In the alternative, Carr Defendants also suggest the fraud claims must fail because the facts do not establish reasonable reliance by the Plaintiffs.

With respect to the warranty claims, the Carr Defendants argue that the contracting documents make clear that Carrdinal Place I, L.C., is the only party contracting with the individual plaintiffs. Therefore, the Plaintiffs' cause of action for breach of contract must be with Carrdinal Place I, L.C., and not with the other named defendants. Plaintiffs' counter by arguing that the contract documents may be viewed as ambiguous as to the identity of the seller and, thus, the evidence may show the Carr Defendants are directly or vicariously liable as parties to the contract. In the alternative, liability of the Carr Defendants may attach under alternative theories the Plaintiffs have pleaded, such as those of Alter Ego, Statutory Declarant, Equitable Estoppel, or Statutory Partnership.

### Standard for Demurrer and Summary Judgment

A demurrer accepts as true all material facts that are properly pleaded. See *CaterCorp, Inc. v. Catering Concepts, Inc.*, 246 Va. 22, 24, 431 S.E.2d 277, *quoting Rosillo v. Winters*, 235 Va. 268, 270, 367 S.E.2d 717 (1988). These facts include all of those "expressly alleged, those which fairly can be viewed as impliedly alleged, and those which may be fairly and justly inferred from the facts alleged." *Id.* The Court may also consider on demurrer any documents or exhibits attached to the pleading as part of the pleading itself. See Rules of the Virginia Supreme Court 1:4; *Flippo v. F & L Land Co.*, 241 Va. 15, 17, 400 S.E.2d 156 (1991). A demurrer, however, does not admit the correctness of the pleader's conclusions of law, or even the correctness of all factual allegations. Indeed, the Court "may ignore a party's factual allegations contradicted by the terms of authentic, unambiguous documents that properly are a part of the pleadings." *Ward's Equip., Inc. v. New Holland N. Am.*, 254 Va. 379, 382, 493 S.E.2d 516 (1997).

Either party may move for summary judgment after the parties are at issue. See Rules of the Virginia Supreme Court 1:4. Summary judgment allows the court to bring litigation to an end when it is clear, based upon the pleadings and admissions of the parties, that one party is entitled to judgment in the case as a matter of law. *Carson ex rel. Meredith v. LeBlanc*, 245 Va. 135, 140, 427 S.E.2d 189 (1993). When a court considers a motion of summary judgment it must adopt those inferences from the facts that are most favorable to the nonmoving party, "unless the inferences are strained, forced, or contrary to reason." *Id.* at 139-40 *quoting Bloodworth v. Ellis*, 221 Va. 18, 23, 267 S.E.2d

96 (1980). Additionally, if any material fact is generally in dispute, the court must not grant a motion for summary judgment. See *Carwile v. Richmond Newspapers*, 196 Va. 1, 82 S.E.2d 588 (1954).

## Analysis

### Actual and Constructive Fraud by the Carr Defendants Not Proven as a Matter of Law

The parties at oral argument stipulated to the evidence underlying the claims of actual and constructive fraud, and, for purposes of these motions, the court assumes that all the facts as asserted are true. Although the Carr Defendants did not concede the truth of any oral misrepresentations alleged by the Plaintiffs, the Court has considered for the purpose of these motions, all allegations in the light most favorable to the Plaintiffs' cause of action.

To establish a claim for actual or constructive fraud, one must show a misrepresentation of a material fact was either intentionally or innocently made by the Defendants, that the Plaintiffs reasonably relied upon that misrepresentation, and that such reliance resulted in damages. *Prospect Devel. Co. v. Bershader*, 258 Va. 75, 515 S.E.2d 291 (1999).

The Virginia Supreme Court recognizes that a misrepresentation, which serves as the basis for a fraud claim, may be oral, written, or based upon a failure to disclose information. See *Sands v. Bankers' Fire Ins.*, 168 Va. 645, 657, 192 S.E. 617 (1937) ("If the applicant knows that there are misrepresentations in the answer as written and that they are material, there is fraud in the inducement when a policy is issued upon their faith."); and *Clay v. Butler*, 132 Va. 464, 474, 112 S.E. 697 (1922) ("If a party conceals a fact that is material to the transaction, knowing that the other party is acting on the assumption that no such fact exists, the concealment is as much a fraud as if the existence of the fact were expressly denied, or the reverse of it expressly stated."). The Plaintiffs argue that the Carr Defendants published materials, made oral statements, and failed to reveal the Seller's "true" identity to the Plaintiffs up to and after contracting and, thus, engaged in activity covering each form of misrepresentation previously recognized by the Court. These practices, Plaintiffs argue, led to the fraudulent inducement of the Plaintiffs to enter into their condominium contracts and to perform them at settlement under the false impression that they were contracting with Carrhomes. To evaluate the sufficiency of the Plaintiffs' fraud argument, the Court must determine whether the incidents and materials relied upon by the Plaintiffs constitute a misrepresentation of a material fact by the Defendants.

*Written Misrepresentations*

To support the contention that written misrepresentations were made, the Plaintiffs have produced numerous sales and marketing documents marked with the "Carrhomes" name or describing Carrdinal Place I as a "Carrhomes" community. While it is true that these documents did not identify Carrdinal Place I, L.C., as the Seller, these documents also did not identify Carrhomes as the Seller of the units. In reviewing common documents given to the Plaintiffs prior to contracting, the Court finds no language that identifies Carrhomes as the Seller of the property at Carrdinal Place I. While the documents may contain opinion and puffery, these sales and marketing pieces do not contain written statements which qualify as written misrepresentations under the law.

Although Plaintiffs contend that up until the time of contracting, each believed the seller of the condominium units to be Carrhomes, Inc., there is no question that, at the critical time of purchase, the identity of the seller was clearly revealed upon the operative contracting documents as Carrdinal Place I, L.C.[1] The information about the Seller's identity was conspicuous, open, and obvious on each of the fully integrated Purchase Agreements signed by each Plaintiff and upon the deed each buyer later signed and received in conjunction with settlement. Because the Purchase Agreement clearly identified Carrhomes as the builder and agent for Carrdinal Place I, L.C., and Carrdinal Place I, L.C., as the Seller, no written misrepresentation has been established by the Plaintiffs.

## Misrepresentation by Concealment

Whether by words or conduct, "concealment always involves deliberate nondisclosure designed to prevent another from learning the truth." *Spence v.*

---

[1] Plaintiffs point to Common Document 14, the "Disclosure Addendum Island Creek Fairfax County, Virginia," as evidence of a document presented at contracting that clearly misrepresented the identity of the seller. The sixth paragraph of this document lists numerous companies that entered into contracts to purchase lots within Island Creek for development. Carrdinal Place I is listed among these companies as "Carrdinal Place (a.k.a. Carrhomes)." The Court finds that this evidence does not amount to a misrepresentation. The language in this paragraph does not give any information as to whether the companies listed that bought property are the "sellers" of that property. Instead, in the document's first paragraph, it lists a blank in which the name of the Seller must be written. Common Document 14 shows this blank was filled in as "Carrdinal Place I, L.C." There is no ambiguity created in this language.

*Griffin*, 236 Va. 21, 28, 372 S.E.2d 595 (1988). None of the preferred facts support the existence of a deliberate or innocent nondisclosure in this case. Though the Plaintiffs allege that documents they received "confused" them as to the identity of the Seller, no deliberate nondisclosure has sufficiently been pleaded or shown. Instead, the undisputed facts demonstrate that at the time of contracting and later upon presentation of the deed, the name of the Seller was clearly identified to each Plaintiff as Carrdinal Place I, L.C. The open disclosure of the Seller's identity on these operative documents clearly disclosed to the Plaintiffs the true party with whom each was contracting; and, thus, no concealment occurred.

### Oral Misrepresentations
### and Reliance Upon Such Misrepresentations

Some Plaintiffs allege that, upon receipt of the Purchase Agreement, they questioned why Carrdinal Place I, L.C., rather than Carrhomes was listed as seller. It is also asserted that some Plaintiffs upon seeing the "a.k.a." language in paragraph six of the "Disclosure Addendum" questioned what "Carrdinal Place (a.k.a. Carrhomes)" meant. These Plaintiffs allege that they were given verbal assurances that Carrdinal Place I, L.C., was just another name for "Carrhomes." It is this verbal assurance relied upon by the Plaintiffs as the oral misrepresentation that induced them to contract for the condominiums and later to perform those contracts.[2] It is this contention that provides the Plaintiffs with their strongest argument for fraud; however, as a matter of law any such oral statements do not support a claim for fraud under the facts of this case.

In the first instance, no facts exist within the pleadings, documents, or proffers to show that a statement by a sales agent that Carrdinal Place I, L.C., was "just another name for Carrhomes" is a misrepresentation. As noted in the Plaintiffs' Bill of Complaint, Carrhomes has held and continues to hold a controlling interest in Carrdinal Place I, L.C., and the L.C.'s initial managers were Directors of Carrhomes. The sales representative's statement does no more than identify a fact which the Plaintiffs have themselves sought to assert, namely, that Carrdinal Place I, L.C., is a limited liability corporation set up by

---

[2] The Plaintiffs pleaded both fraud in the inducement to enter into the Purchase Agreements as well as fraud in the inducement to perform on these Agreements. Fraud may be found to induce a party to contract and fraud may also be perpetrated after a contract is signed, but before settlement, providing an action for fraud in the performance. *Ware v. Scott*, 220 Va. 317, 257 S.E.2d 855 (1979).

Carrhomes for the development and sale of the Carrdinal Place I properties. As Plaintiffs have pleaded, Defendants J. Michael Belle, Teresa A. Phelps, and Christopher B. Rupp held positions within Carrdinal Place I, L.C., as managers, within Carrhomes, Inc., as directors, and as partners within the Carrhomes Partnership. As the entities have overlapping constituents, the sales agent's alleged misrepresentation appears to this Court to be an opinion based upon the same facts asserted by the Plaintiffs.

However, assuming *arguendo* that such a statement is an oral misrepresentation as to the Seller's identity, the Court must still determine whether the Plaintiffs' reliance upon such a statement was reasonable. To establish fraud, it is essential that the defrauded party demonstrate the right to rely upon the misrepresentation. *Metrocall of Del. v. Continental Cellular Corp.*, 246 Va. 365, 374, 437 S.E.2d 189 (1993). The review of whether a buyer's reliance upon the oral representations of a property seller is reasonable must be completed in light of the long established doctrine of *caveat emptor*.

The Plaintiffs correctly point out that Virginia law has noted significant exceptions to this "buyer beware" doctrine. For instance, *caveat emptor* "affords no protection to a seller who makes a false representation of a material fact, constituting an inducement to the contract, on which the buyer had a right to rely." *Watson v. Avon*, 226 Va. 614, 618, 311 S.E.2d 795 (1984). Additionally, *caveat emptor* does not protect a seller whose conduct throws "the purchaser off his guard" or diverts him from the inquiries "which a prudent man ought to make." *Armentrout v. French*, 220 Va. 458, 466, 258 S.E.2d 519 (1979), *quoting Horner v. Ahern*, 207 Va. 860, 864, 153 S.E.2d 216 (1967). However, the Court finds none of the recognized exceptions apply to the facts presented in this case.

As noted above, some Plaintiffs allege that, upon questioning sales representatives, they were told verbally that Carrdinal Place I, L.C., was just another name for Carrhomes. Based upon such statements, these Plaintiffs argue they were fraudulently induced to enter and later perform their agreements to buy the condominiums. Assuming these allegations to be true, the Court finds that a buyer's decision to rely on such a statement is not reasonable, particularly in the face of a document that openly indicates otherwise, and also contains an integration clause stating no "prior or contemporaneous stipulations, representations, contracts, or promises except those . . . in the contract are the basis of [the] contract." Nor can the Court find that such a statement diverts the purchaser from making the inquiries "which a prudent man ought to make." *Armentrout v. French*, 220 Va. 458 at 466. The Plaintiffs were given the contract documents and the opportunity to evaluate the language within them. This Court can find no case that supports the

proposition that a buyer may reasonably rely upon a property seller's comment when that comment is contrary to explicit terms within the written contract that is signed by the purchaser. Thus, any such statements made by the Defendants at the time of contracting or settlement could not divert or relieve the purchasers from conducting their own prudent inquiry.

For these reasons, the Court has determined that the Plaintiffs have (1) not sufficiently established that a misrepresentation was made either intentionally or innocently by the Defendants and (2) even if such a misrepresentation occurred, reliance upon that misrepresentation was not reasonable as a matter of law, and, thus, the Carr Defendants' Demurrer and Motion for Summary Judgment must be granted as to all Carr Defendants on the actual and constructive fraud counts. This ruling also extends to Defendant Michael Neville against whom the same theories of fraud have been alleged. For the reasons stated above, these claims against Defendant Neville are dismissed.

### Disputed Facts Remain as to Alternative Theories Pleaded for Warranty Claims

As Carrdinal Place I, L.C., is the only party expressly obligated under the written warranties, the Carr Defendants assert they have no liability for an alleged breach. However, the Plaintiffs have asserted other theories of liability (Alter Ego Basis, Statutory Declarant Basis, Equitable Estoppel Basis, or Statutory Partnership Basis) which conceivably might confer vicarious liability on the Carr Defendants. These theories have not been addressed by the pending motions. Therefore, while no breach of warranty claims may be established on the basis of fraud or ambiguity, the facts at this point do not preclude the Plaintiffs from pursuing their case under one of these four additional theories. Thus, the Carr Defendants' Demurrer and Motion for Summary Judgment as to the Warranty claims must be denied.

### Conclusion

For the reasons stated herein, the Court finds that the Carr Defendants Demurrer and Motion for Summary Judgment is granted as to Counts IV and V. Accordingly, the actual and constructive fraud claims within the Plaintiffs' Bill of Complaint and its reliance upon fraud to establish a Breach of Warranty claim in Counts I and II are dismissed. The Carr Defendants Demurrer and Motion for Summary Judgment as to the breach of warranties claims in Counts I and II is denied. The Plaintiffs may pursue these claims under alternative theories should they be supported by the evidence.

## Order

This matter is before the Court on upon the Demurrer and Motions for Partial Summary Judgment filed by Defendants Edward Carr, Carrdinal Place I, L.C., Carrmomes, Inc., Christopher B. Rupp, J. Michael Belle, David B. Williams, Thomas P. Davis, Bess H. Price, Mark Jalajel, James X. Stakem, Darlene B. Gwyn, and Teresa Phelps ("the Carr Defendants). It appearing to the Court for the reasons set forth in the letter opinion dated December 21, 2000, and incorporated herein, that the Carr Defendants' Demurrer and Motions for Partial Summary Judgment should be granted in part and denied in part, it is therefore ordered that the Carr Defendants' Demurrer and Motion for Summary Judgment are granted as to Counts IV and V for all Defendants; it is ordered that the actual and constructive fraud claims within the Plaintiffs' Bill of Complaint and its reliance upon fraud to establish a Breach of Warranty claim in Counts I and II are dismissed; it is ordered the Defendants' Demurrer and Motion for Summary Judgment as to the breach of warranties claims in Counts I and II are denied.