# CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Alexandria City School Board

v.

Fox-Seko Construction, Inc.,
and United States Fidelity
and Guaranty Co.

July 27, 2007

Case No. CL07001202

By Judge John E. Kloch

This matter comes before the Court on the Plaintiff's demurrer and plea in bar to the Defendants' counterclaim, which alleges, *inter alia,* breach of contract and fraud in the inducement. Because the procedural history is convoluted and partially dispositive, it is set forth below.

On May 29, 2001, the Plaintiff ("School Board"), operating as Alexandria City Public Schools, entered into a contract with Defendant Fox-Seko Construction, Inc. ("Fox-Seko") to perform general contracting services for the renovation of Francis C. Hammond Middle School. On April 6, 2004, and pursuant to Article 5 of the Supplementary Conditions to the parties' contract, Fox-Seko sought an Equitable Adjustment from the School Board ("2004 Claim"). On March 29, 2005, the School Board issued a final decision ("2005 Final Decision") denying the 2004 Claim in its entirety.

Fox-Seko sought to appeal the 2005 Final Decision to this Court by filing suit on January 25, 2006, but took a voluntary nonsuit of right in May 2006. On August 19, 2006, Fox-Seko submitted a second claim to the School

Board ("2006 Claim"). On November 17, 2006, the School Board denied that claim ("2006 Final Decision") in part on the ground that the issues presented had been conclusively decided by the 2005 Final Decision.

On January 25, 2007, the School Board filed suit in this Court alleging breach of contract by Fox-Seko. Fox-Seko then counterclaimed, asserting, among other things, fraud in the inducement and breach of contract by the School Board. The School Board filed a plea in bar asserting that Fox-Seko's counterclaims are barred by the statute of limitations and a demurrer asserting that the counterclaims are barred by the School Board's sovereign immunity or, in the alternative, that Fox-Seko's counterclaim for fraud was not pleaded with sufficient particularity. After oral argument on July 11, 2007, this Court took under advisement the School Board's plea in bar and demurrer to Fox-Seko's counterclaims.

At the outset, this Court concludes that any matter that Fox-Seko submitted as part of its 2004 Claim, reasserted in its 2006 Claim, and now seeks to raise as part of a counterclaim in this case is time-barred. Under the Virginia Public Procurement Act (VPPA), Va. Code § 2.2-4300 *et seq,* a contractor on a public project is entitled to challenge an adverse decision by filing suit in a circuit court, but must institute any such action within six months of the challenged decision. *Id.* § 2.2-4363(E). By the time Fox-Seko challenged the School Board's denial of its 2004 Claim by filing suit in this Court on January 25, 2006, nearly ten months had passed since the School Board's March 29, 2005, Final Decision.

By reasserting the same matters it presented in its 2004 Claim under the guise of a counterclaim in this action, Fox-Seko is essentially mounting a collateral attack on the School Board's 2005 Final Decision, and it is doing so long after the VPPA's six-month statute of limitations on those claims has run. It is irrelevant that Fox-Seko may have again raised those same matters in its intervening 2006 Claim; if public contractors could evade the statute of limitations by reasserting stale claims time and again, the VPPA's statute of limitations would be a dead letter. Therefore, this Court holds that any claim addressed by the School Board's March 29, 2005, Final Decision is barred by the VPPA's six-month statute of limitations. Of course, the converse is also true. To the extent that Fox-Seko alleged claims in 2006 that it did not and could not have raised in its 2004 Claim, those claims are not time-barred. Accordingly, the School Board's plea in bar is granted with respect to any and all claims raised by the 2004 Claim and reasserted here and denied with respect to matters that arose subsequent to the 2004 claim that were not decided by the 2005 Final Decision.

The School Board next asserts that Fox-Seko's claim for fraud in the inducement, to the extent it survives the VPPA's time bar, is barred by the School Board's sovereign immunity. This Court agrees. Although Fox-Seko relies on cases involving intentional torts committed by employees and agents of immune sovereigns, those cases are not dispositive here. In fact, Virginia cases have long recognized that, absent statutory abrogation, school boards are immune from claims sounding in tort because they act as an arm of the state and in a governmental capacity in the performance of duties imposed by law. *See e.g., Kellam v. School Bd.*, 202 Va. 252, 117 S.E.2d 96 (1960); *Campbell v. Board of Supervisors of Charlotte County*, 553 F. Supp. 644 (E.D. Va. 1982). Further, those governmental duties explicitly include the maintenance and management of school buildings. *See* Va. Code §§ 22.1-135 through 22.1-141.

Fox-Seko does not argue that the General Assembly abrogated the School Board's immunity from such claims. The Court notes that the VPPA does permit contractors like Fox-Seko to file suits "involving [public] contract disputes." Va. Code § 2.2-4363. But even if Fox-Seko had crafted an argument that the statutory waiver of immunity is sufficiently broad to encompass the fraud claim, this Court would be compelled to reject it. Although it is true that claims of fraud in the inducement are intertwined with the law of contract, such claims sound in tort and arise from duties that predate and, indeed, are independent from any contract. *See, e.g., Lake Holiday Country Club v. Teets*, 56 Va. Cir. 113, 123 (2001). Further, it is well settled that abrogations of sovereign immunity are to be narrowly construed, *Sabre Constr. Corp. v. County of Fairfax*, 256 Va. 68, 501 S.E.2d 144 (1998), and this Court would therefore conclude that the VPPA's limited abrogation of a school board's sovereign immunity would apply only to breach of contract claims, not to claims for damages for fraud in the inducement.

For the foregoing reasons, this Court holds that the School Board's plea in bar is granted with regard to matters that were raised or could have been raised by the 2004 Claim and the demurrer to the fraud count is granted on the ground that the School Board is immune from tort liability.