# CIRCUIT COURT OF THE CITY OF SUFFOLK

James Wyatt Simpson,
an infant, who sues
by his next friend

v.

James D. Thorsen et al.

January 31, 2012

Case No. CL 10-827

By Judge Rodham T. Delk, Jr.

This case comes before the Court on the demurrer and special pleas of the defendants. The case involves claims for damages occasioned by personal injuries allegedly suffered by the infant plaintiff, James Wyatt Simpson, due to toxic mold infestation of Southwestern Elementary School in the City of Suffolk.

The plaintiff, an infant, sues through his mother. The defendants are James D. Thorsen, Executive Director for Facilities and Maintenance for Suffolk Public Schools, Terry Napier, Assistant for Facilities and Maintenance, the Suffolk City School Board ("School Board"), and Deran R. Whitney, Interim Superintendent for Suffolk Public Schools.

By way of procedural history, the suit was filed in this Court on September 20, 2010. On October 12, 2010, this Court was notified of the removal of the case to the United States District Court for the Eastern District of Virginia, and the case was removed from the docket of this Court by order entered on October 13, 2010. By order of the United States District Court entered on February 25, 2011, the federal claims were dismissed and the case was remanded back to this Court on the purely state claims, and returned to the docket. The defendants' responsive pleadings to the state claims were filed on March 18, 2011.

The case first came before this Court on August 30, 2011, for hearing on the demurrer and special pleas of the defendants. Due to the unrealistically

limited time available, the hearing was continued upon the agreement of all counsel to January 23, 2012. The trial date was fixed for June 25, 2012.

Accordingly, the case came back before me on January 23, 2012, to be heard on the demurrer and special pleas of the defendants.

### The Facts

For purposes of this opinion, I will summarize the facts as taken from the plaintiff's Motion for Judgment with attached exhibits, in the light most favorable to the plaintiff.

James Wyatt Simpson ("Wyatt"), at the age of five, entered kindergarten in the fall of 2007 at Southwestern Elementary School, a public school operated by the School Board. That day, he began manifesting symptoms of illness which essentially continued throughout consecutive school years until the 2009-10 school year. His symptoms abated during the summers between school terms. He was examined and treated by numerous physicians. Ultimately, upon specific medical diagnosis of mold allergy and upon recommendation by a physician, he was assigned by the School Board to a different school in March 2010.

It is alleged that Wyatt's injuries may include cognitive deficits, immune system injuries, and educational setbacks.

### Federal Procedural History as to Counts I, II, VI, and VII

Upon the City's removal of the case to the United States District Court, that court took cognizance of the plaintiffs' claims in Counts I, II, VI, and VII of the Complaint, alleging purely federal claims. By its Opinion and Order, dated February 25, 2011, in 766 F. Supp. 2d 695, the District Court dismissed those claims and remanded the remaining claims, in Counts III, IV, V, VIII, IX, and X, back to this court as purely state claims.

### Suffolk Schools' Demurrer and Special Pleas of Statute of Limitations and Sovereign Immunity

#### A. Sovereign Immunity

I will first take up the City's Special Plea of Sovereign Immunity. If the School Board was performing a governmental function in connection with the operation of the school, then sovereign immunity applies. If the function performed by the School Board was proprietary in nature, then sovereign immunity does not apply.

A function is governmental in nature if it is directly related to the general health, safety, and welfare of the citizens." *Gambrell v. City of Norfolk*, 267 Va. 353, 357, 593 S.E.2d 246 (2004); see also, *Ashbury v. City of Norfolk*, 152 Va. 278, 282, 147 S.E. 223 (1929) ("The performance of duties that relate to the preservation of the public health and the care of the sick is [a] concern to the public as a whole; in executing this function the municipality . . . perform[s] governmental . . . duties. . . . "In contrast, a function is proprietary in nature if it involves a privilege and power performed primarily for the benefit of the [municipal corporation]." *Gambrell, idem*. "[W]hen governmental and proprietary functions coincide, the governmental function is the overriding factor and the doctrine of sovereign immunity will shield the [municipal corporation] from liability." *City of Virginia Beach v. Carmichael Dev. Co.*, 259 Va. 493, 499, 527 S.E.2d 778 (2000) (internal quotation marks and citation omitted).

*Jean Moreau & Associates, Inc. v. Health Center Commission for the County of Chesterfield, etc.*, 283 Va. 128, 720 S.E.2d 105, 2012 Va. LEXIS 5, 23 (2012).

I am persuaded by this very recent case that the School Board, in operating the school, was not acting primarily for the specific benefit of the City of Suffolk, as an entity, but rather for the benefit of the citizens of the City.

Moreover, school building maintenance and management is a specific governmental duty.

Virginia cases have long recognized that, absent statutory abrogation, school boards are immune from claims sounding in tort because they act as an arm of the state and in a governmental capacity in the performance of duties imposed by law. See e.g., *Kellam v. School Bd.*, 202 Va. 252, 117 S.E.2d 96 (1960); *Campbell v. Board of Supervisors of Charlotte County*, 553 F. Supp. 644 (E.D. Va. 1982). Further, those governmental duties explicitly include the maintenance and management of school buildings. See, §§ 22.1-135 et seq., Code of Virginia.

*Alexandria City School Board v. Walter-Seko Constr. Co.*, 74 Va. Cir. 92, 94 (Alexandria 2007).

The plaintiffs cite *City of Chesapeake v. Cunningham*, 268 Va. 624, 604 S.E.2d 420 (2004), for the proposition that the School Board is liable because it provides for the routine maintenance or operation of a municipal service, making for a proprietary function. I find that case to be inapposite on its facts.

Upon the foregoing, I therefore conclude that the School Board and its employees enjoyed sovereign immunity in this case as to the claims of simple negligence in Counts V and X of the complaint, and, accordingly, I sustain the plea of sovereign immunity as to Counts V and X.

Counts IV and IX of the Complaint allege gross negligence by the School Board and its employees, respectively. It is well-settled that sovereign immunity does not apply where gross negligence is alleged. *Couplin v. Payne*, 270 Va. 129, 136, 613 S.E.2d 592 (2005), citing *Colby v. Boyden*, 241 Va. 125, 128, 400 S.E.2d 184 (1991). Liability for negligence presupposes that a duty was owed by the defendants to the student plaintiff. It is clear that the School Board had a duty to the plaintiff, in its capacity and duty to operate the school to which the plaintiff was assigned.

Accordingly, I overrule the plea of sovereign immunity by the School Board as to Count IV of the complaint.

The individual defendants, Thorsen and Napier, were employees of the School Board and had direct responsibility to the School Board as such for facilities and maintenance. Any duties which they may have owed to the plaintiff were derivative of the School Board's duties.

Accordingly, I overrule the plea of sovereign immunity as to the defendants Thorsen and Napier in Count IX of the Complaint.

The plaintiffs allege fraud by the defendants in Counts III and VIII, respectively. Fraud constitutes an intentional tort, *Fox v. Deese*, 234 Va. 412, 424, 362 S.E.2d 699 (1987), to which sovereign immunity does not apply, and I overrule the pleas of sovereign immunity by the School Board, Thorsen, and Napier as to those counts.

## B. *Statute of Limitations*

The next issue is that of the Statute of Limitations. The limitation in this case is two years. Although Wyatt entered school in 2007, the complaint alleges a continuing course of attendance and symptoms until his reassignment to a different school in 2010. The complaint alleges a continuing course of exposure on the part of Wyatt to mold infestation and resulting injury to him over the entire course of his attendance at Southwestern Elementary School.

While it is alleged that mold problems in the school were known as early as June 2008, Wyatt's specific diagnosis of mold-related illness and attribution of his illness to mold infestation at the school did not occur until October 22, 2009. This suit was filed on September 20, 2010, well within the statute of limitations as it applies to this suit.

I accordingly overrule the Plea to the Statute of Limitations.

## C. *Demurrer*

The final issue is that of the demurrer, alleging that the plaintiffs have failed to state a claim for which they are entitled to relief.

> The standard for evaluating a motion for judgment at the demurrer stage is set forth in *CaterCorp, Inc. v. Catering Concepts, Inc.*, 246 Va. 22, 431 S.E.2d 277 (1993). "A demurrer admits the truth of all material facts properly pleaded." *Id.* at 24 (quoting *Rosillo v. Winters*, 235 Va. 268, 270, 367 S.E.2d 717 (1988). Moreover, facts deemed admitted encompass not only those expressly alleged, but those reasonably inferable therefrom. *Id.* It is not necessary for the plaintiff to offer details toward proving the allegations made in his motion for judgment. In order to withstand demurrer, the plaintiff need only make allegations of material facts sufficient to inform a defendant of the nature and character of the claim against him. *Id.*

*Koppel v. Morgan*, 41 Va. Cir. 130 (Fairfax 1996).

Taking into account my foregoing analysis and further taking the complaint in the light most favorable to the plaintiff, I hold that the plaintiff has stated a cause of action for which he is entitled to relief.

I accordingly overrule the demurrers of all of the defendants, with the exception of Deran Whitney.

### Deran Whitney, Interim Superintendent

Finally, with respect to the individual defendant, Deran Whitney, Acting Superintendent of Schools, the plaintiffs have not specified any claims for which Deran Whitney might be liable, either in his individual or professional capacity. Accordingly, he shall be dismissed from this suit.

### Summary

In summary, Counts I, II, VI, and VII of the Motion for Judgment, alleging federal claims under the 14th Amendment of the United States Constitution, were dismissed in the United States District Court for the Eastern District of Virginia.

I have sustained the demurrers by the defendants Suffolk School Board, Thorsen, and Napier as to Counts V and X of the complaint, finding sovereign immunity.

I have dismissed the defendant Deran Whitney, no claims having been made against him, either in his professional or individual capacity.

Finally, I have overruled the demurrers by the defendants Suffolk School Board, Thorsen, and Napier as to Counts III, IV, VIII, and IX of the complaint, alleging fraud and gross negligence.

Mr. Waller will please prepare an appropriate order consistent with this opinion and providing for leave to the plaintiff to amend the complaint in the instances where demurrers were sustained. I note that the defendants filed their Answer to the First Amended Complaint on January 23, 2012, and I have duly marked the Answer as having been filed on that date.